589 So.2d 529 (1991)
Vera N. BROUILLETTE
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, LICENSE CONTROL AND DRIVER IMPROVEMENT DIVISION.
CA 90 1101.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*530 Frank Ferrara, Walker, for plaintiff.
Paul Schexnayder, Baton Rouge, for defendant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
GONZALES, Judge.
Vera Brouillette was stopped for speeding on February 25, 1989, and the arresting officer's observation of Brouillette led him to believe she was intoxicated. She was advised of her Miranda rights and given a field sobriety test. Based on her poor performance of the test, Brouillette was placed under arrest and transported to the Denham Springs Police Department. Upon arrival she was advised of her rights relating to a chemical test for intoxication. Brouillette then submitted to a chemical test for intoxication, the results of which indicated a blood alcohol level of .106 percent by weight of alcohol in the blood. The machine used to give the chemical test was an Intoxilyzer 5000. Brouillette's driving privileges were suspended for a 90-day period, and the suspension was affirmed by an administrative hearing officer after an administrative hearing was held on May 4, 1989. Brouillette applied to the Twenty-First Judicial District Court for judicial review of the final order of suspension.
The court reversed the decision of the hearing officer, finding there was a factual discrepancy as to the blood alcohol level, and finding the Intoxilyzer 5000 recertification form was inadmissible due to a missing certificate and due to its hearsay nature. *531 The Department of Public Safety was ordered to return Brouillette's driver's license. The Department of Public Safety is appealing this judgment.

ASSIGNMENT OF ERRORS
1. The trial court erred in holding the Intoxilyzer Machine Recertification form inadmissible.
2. The trial court erred in finding a factual discrepancy as to the alleged blood alcohol level of the defendant.
The written reasons for judgment state in part:
Under existing regulations of the Department of Public Safety and Corrections, it is necessary that the certificate verifying the recent calibrations and certificate of inspection machine recertification form be recorded in the public records of the parish in which it is to be utilized, in this case Livingston Parish. Exhibit DPS-6 is not a certified true copy evidencing that it has been recorded in the Clerk's Office and is a hearsay statement of a hearsay statement of a non-appearing witness that the matters contained therein are true beyond a reasonable doubt. Coupled with this, the record indicates that there is a factual discrepancy as to the alleged blood-alcohol level of the defendant in the case. The hearing officer found that blood-alcohol level was .16, counsel argued in brief that blood-alcohol level was .106, and an examination of the alleged results of the test at exhibit DPS-4 indicates .10.
The above evidentiary deficiencies and factual discrepancies lead me to conclude that the hearing officer's procedure was manifestly erroneous in view of the reliable and probative evidence of the whole record. This decision is not made relating to the credibility of any witnesses, but simply on the documented evidence admitted into the record.

ASSIGNMENT OF ERROR NO. 1
Appellant's first assignment of error asserts the court erred in holding the recertification form inadmissible.
Title 55, Part 1, Chapter 5, Section 501(A) as promulgated July 20, 1988 in Volume 16 No. 7 of the Louisiana Register provides in part:
A. After the Louisiana Department of Public Safety and Corrections has approved a prototype breath testing device as an acceptable model for chemical analysis in breath alcohol testing, it shall be necessary for each individual instrument of the approved model to be inspected and approved for use by the Office of State Police, Applied Technology Unit, and an instrument certification form shall be maintained for each individual instrument in the Applied Technology Unit. At least once every four months thereafter, each individual instrument shall be inspected, checked and certified by the applied technology director, breath analysis supervisor, breath analysis instructor specialist, or applied technology specialist of the Applied Technology Unit. A copy of this certificate may be filed with the clerk of the applicable court in the respective parish in which each device is used for breath testing, and this copy shall be prima facie evidence as to the proper working order of the instrument ... (Emphasis added).
The Intoxilyzer Machine Recertification form introduced into evidence at trial shows the Intoxilyzer 5000 Machine used to test Brouillette's breath alcohol level was inspected, checked and certified once every four months. The Court held there was no evidence that the form had been recorded in the Clerk of Court's office. However, the applicable regulations only require that the recertification form be maintained in the State Police Applied Technology Unit. The filing of a copy of the certificate with the clerk of court in the respective parish in which each device is used is not mandated under the words of the statute, therefore the fact that such copy was not filed does not make the certificate inadmissible.
The court also rejected the recertification form due to its hearsay nature. The Administrative Procedure Act is applicable to hearings which the Department is required by law to hold, but does not create *532 the right to hearing when none is required by appropriate law and does not apply where hearings granted by the Department of Public Safety go beyond what is required by the law. Price v. State, Department of Public Safety, License Control And Driver Improvement Division, 325 So.2d 759 (La.App. 1st Cir.1976). In the case sub judice, the hearing was granted at Brouillette's request under La.R.S. 32:667, which provides for administrative review of the suspension of a driver's license. This review is required by law, therefore, the hearing falls under the Administrative Procedure Act.
The Louisiana Administrative Procedure Act provides in part, at La.R.S. 49:956:
In adjudication proceedings
(2) All evidence, including records and documents in the possession of the agency of which it desires to avail itself, shall be offered and made a part of the record, and all such documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference. In case of incorporation by reference, the materials so incorporated shall be available for examination by the parties before being received in evidence.
The usual rules of evidence need not apply in administrative hearings, and thus hearsay may be admitted; nevertheless, the findings must be supported by competent evidence, and incompetent evidence admitted at the hearing will be disregarded by the court in its judicial review. Cittadino v. Department Of Police, 558 So.2d 1311, 1315 (La.App. 4th Cir.1990); Michel v. Department Of Public Safety, Alcoholic Beverage Control Board, 341 So.2d 1161, 1165 (La.App. 1st Cir., 1976), writ denied, 343 So.2d 1078 (La.1977).[1]
In Germany v. State, Department of Health and Human Resources, 493 So.2d 800 (La.App. 2d Cir.) writ denied 496 So.2d 352 (1986), citing Fisher v. Louisiana State Board of Medical Examiners, 352 So.2d 729 (La.App. 4th Cir.1977), writ denied 353 So.2d 1338 (La.1978) the court said:
Hearsay evidence is admissible in administrative proceedings. The Louisiana Administrative Procedure Act (La.R.S. 49:956) permits admission of any evidence which possesses "probative value commonly accepted by reasonably prudent men in the conduct of their affairs," subject to objections of irrelevancy, immateriality, incompetency, or repetitiousness. Concerned with this aspect of administrative law procedure, Professor Kenneth Davis has observed:
"(T)he reliability of hearsay ranges from the least to the most reliable. The reliability of non-hearsay also ranges from the least to the most reliable. Therefore the guide should be a judgment about the reliability of particular evidence in a particular circumstance, not the technical hearsay rule with all its complex exceptions." Kenneth Davis, "Hearsay in Administrative Hearings," 32 Geo.Wash.L.Rev. 689 (1964).
Germany v. State, Department of Health And Human Resources, 493 So.2d 800, 805 (La.App. 2d Cir.), writ denied 496 So.2d 352 (1986), citing Fisher v. Louisiana State Board of Medical Examiners, 352 So.2d 729, 731 (La.App. 4th Cir.1977), writ denied 353 So.2d 1338 (La.1978), citing Davis, Hearsay in Administrative Hearings, 32 Geo.Wash.L.Rev. 689 (1964).
The admission of hearsay evidence in administrative hearings is commonplace and does not infringe on any Constitutional principles. Gerald v. Louisiana State Senate, 408 So.2d 426, 430 (La.App. 1st Cir.1981).
*533 Brouillette's objection to the machine inspection recertification form in the case sub judice was based upon hearsay principles only. No question was raised as to the competency of the evidence, and there is nothing in the record to indicate the calibration was not validly performed. The certification form is competent evidence. It is competent because the certification is signed by the qualified technician who conducted the testing procedure, and because a certified true copy of the technician's permit to perform maintenance and inspection on the Intoxilyzer 5000 was introduced into evidence, and it is competent because the certification form is evidence that the machine used to test Mrs. Brouillette's breath alcohol level was inspected, checked and certified once every four months in accord with the applicable regulations in the Louisiana Register. It is competent and admissible evidence because the document is certified to be a true copy by the signature of George Dunn, custodian of the chemical testing records for the Louisiana State Police Applied Technology Unit, which is required under the applicable regulations to maintain such records, also, it is competent and admissible because of the presumption of the law under La.R.S. 15:432 that public officers have done their duty. (If the appellee had evidence that the officer had not done his duty, she had the burden to produce it.) Brouillette has not alleged the evidence is incompetent and has not rebutted the presumption that an officer has done his duty and this Court finds that the evidence is highly probative, reliable and trustworthy.
This assignment of error has merit.

ASSIGNMENT OF ERROR NO. 2
Appellant's second assignment of error alleges there was no factual discrepancy concerning the defendant's blood alcohol level. A review of the record shows the hearing officer found the blood alcohol level to be .10 percent, not .16 percent as stated in the judgment. The findings made as a result of the test conducted using the Intoxilyzer 5000 indicate the blood alcohol level to be .106 percent. Appellant argues exhibits which designate the blood alcohol level as .10 rather than .106 percent simply dropped the last digit of the actual reading. The only place in the record where the blood alcohol level is indicated as .16 is found in the arresting officer's testimony, which appellant argues is either a typographical error or a misstatement by the officer.
This assignment of error has merit.
The standard of review for administrative hearings is provided by R.S. 49:964(G). It provides in part:
G. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
... (6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
The court erred in finding manifest error by the administrative hearing officer in view of the reliable, probative, and substantial evidence on the whole record. Therefore, the decision of the trial court is reversed and the finding of the administrative hearing officer is reinstated.
Costs to be borne by appellee.
REVERSED.
NOTES
[1] As Judge John Minor Wisdom pointed out in Dallas Country v. Commercial Union Assur. Co., 286 F.2d 388, 391, n. 1 (5th Cir.1961), "The [hearsay] rule is not an ancient principle of English law recognized at Runnymede. And, gone is its odor of sanctity." It is a rule which was an outgrowth of the adversary system. Many exceptions have been recognized as experience has demonstrated that literal application of the hearsay rule would often exclude that evidence which is most relevant to the questions at issue. The touchstone for admission of evidence as an exception to the hearsay rule has been the existence of circumstances which attest to its trustworthiness. United States v. Williams, 571 F.2d 344 (6th Cir.1978), cert. denied 439 U.S. 841, 99 S.Ct. 131, 58 L.Ed.2d 139.