RLOTTINGER, Chief Judge.
This is a proceeding to decertify plaintiffs home as a foster home. From a district court judicial review reversing the administrative decertification, the State of Louisiana, Department of Social Services (State) appeals.
FACTS
Norma Hams, plaintiff, was certified as a foster parent in June of 1989. Prior to that time, Ms. Harris had been caring for a child, K.W., who later became a foster child once the State assumed custody of K.W. and her sibling, S.W. These two foster children lived in Harris’ home until April 13,1992, at which time the State removed the children.
The foster children were removed only after the State received, investigated and validated a complaint that Harris had been driving a vehicle while under the influence of alcohol with the two foster children as passengers and that plaintiff was a heavy drinker. As a result of the investigation, other deficiencies were found, namely that Harris failed to use child restraints in her vehicle, failed to meet agency income requirements, and failed to use appropriate alternate child care. After the report was validated, Harris’ home was decertified as a foster home, and the foster children were removed.
Harris sought review administratively within the Department of Social Services. Eventually an administrative appeal hearing officer found the decertification proper. Harris then sought judicial review pursuant to La.R.S. 49:964. The trial court concluded that both the removal of the children and the *450 decertification violated Ms. Harris’ constitutional rights. However, the trial court concluded it did not have subject matter jurisdiction over the children so as to place them with Ms. Harris, but the trial court did certify Ms. Harris as a “foster/adoptive parent effective April 16, 1993 and is retroactive to date of original certification.”
DISCUSSION
Rather than discussing the assignments of error, we must regretfully point out that, after a very careful reading of the administrative hearing transcript, we must 13conclude that there is no competent evidence to substantiate the charges against Ms. Harris. Hearsay evidence is admissible at administrative hearings, but it is well settled that hearsay evidence is not competent evidence, and it is competent evidence that proves the case. State witnesses refused to divulge evidence on the basis of the confidentiality rule of La.R.S. 46:56. We do not take issue with La.R.S. 46:56; however, to prove its ease, the State cannot rely totally on hearsay evidence which it cannot be compelled to divulge pursuant to La.R.S. 46:56. When faced with this kind of a dilemma, the state must independently develop direct evidence which can be used to prove its case. We are, however, not called upon to decide in this case whether this type of evidence can be divulged and is admissible, nor do we suggest how this type of evidence is to be developed. As stated above, we conclude there is no competent evidence to substantiate the charges against Ms. Harris.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at the cost of the Louisiana Department of Social Services in the amount of $335.03.
AFFIRMED.
SHORTESS, J., concurs with reasons.