745 So.2d 1204 (1999)
Paul A. SPREADBURY
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY and Division of Administrative Law.
No. 99 CA 0233.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*1205 Glynn J. Delatte, Jr., Baton Rouge, LA, for plaintiff/appellee, Paul A. Spreadbury.
Michael C. Barron, Baton Rouge, LA, for defendant/appellant, Department of Public Safety.
Ann Wise, Baton Rouge, LA, for defendant/appellant, Division of Administrative Law.
BEFORE: LeBLANC, FOIL and WHIPPLE, JJ.
WHIPPLE, J.
This appeal challenges the action of the trial court in recalling the suspension of plaintiffs driver's license by defendant, the Department of Public Safety and Corrections (DPSC). In recalling the suspension, the trial court concluded that the administrative record alone, which included an affidavit of the arresting officer, but not his live testimony, was insufficient to support an order by the DPSC to suspend plaintiffs license. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
On February 16, 1997, plaintiff, Paul Spreadbury, was arrested for driving a vehicle while under the influence of alcohol. Plaintiff submitted to an Intoxilyzer 5000 breath test, which revealed a 0.163% blood alcohol level. Louisiana Revised Statute 32:667 requires the arresting officer to seize the license of an arrested suspected drunk driver if the person submits to an approved chemical test and the results show a blood alcohol level of 0.10 *1206 percent or above. On the basis of the test results, plaintiffs license was suspended by the DPSC.
After being notified of the suspension of his license, plaintiff requested an administrative hearing in accordance with LSA-R.S. 32:668 and LSA-R.S. 32:414. The hearing was held before an administrative law judge (ALJ) on April 23, 1997. There was no testimony adduced at the hearing. The DPSC submitted its records of plaintiffs arrest, which included the DWI citation containing the affidavit of the arresting officer. In the affidavit, the officer described his observations of plaintiff's driving and behavior that led him to suspect plaintiff was driving under the influence of alcohol. At the hearing, plaintiff objected to the introduction of the affidavit, arguing that it was hearsay and that, because introduction of the officer's affidavit was not specifically authorized by statute, this hearsay evidence was not competent evidence upon which to justify the suspension of his license. Plaintiff asserted that the DPSC was legally obligated to produce the arresting officer's live testimony at the suspension hearing. The ALJ overruled plaintiff's objection to the introduction of the affidavit and upheld the DPSC's 365-day suspension order.[1]
Thereafter, plaintiff filed a petition for judicial review of the order of suspension and for declaratory judgment and injunctive relief. Plaintiff contested the DPSC's use of the arresting officer's affidavit in lieu of his live testimony at a hearing challenging a license suspension of a suspected drunk driver who had submitted to a chemical test (a "submittal case"). He argued that such an affidavit is only authorized in cases where the suspected drunk driver refused to submit to a chemical test (a "refusal case").[2] Plaintiff urged that the use of this evidence was not authorized by statutory law and was unconstitutional. He sought judgment enjoining the DPSC from suspending or withholding his license, decreeing that the DPSC's procedure in utilizing affidavits in lieu of live testimony in submittal cases is unconstitutional or otherwise illegal, and enjoining the DPSC from continuing to utilize this procedure.
At the hearing, documentary evidence was introduced, and the matter was argued by counsel. Thereafter, the trial court rendered judgment in favor of plaintiff, recalling the proposed suspension of plaintiffs driver's license. In reasons for judgment, the trial court concluded that the record did not contain sufficient competent evidence to support the suspension.
The trial court acknowledged that hearsay evidence is admissible in administrative hearings, but further concluded that hearsay evidence is incompetent evidence which, standing alone, was insufficient to support administrative findings. The trial court further concluded that: the administrative record consisted solely of hearsay *1207 evidence; the only competent hearsay evidence in the record was the Certificate of Inspection, Machine Recertification Form, which certified the proper functioning of the equipment, citing Brouillette v. State, Department of Public Safety, License Control and Driver Improvement Division, 589 So.2d 529, 533 (La.App. 1st Cir.1991);[3] and that the remaining hearsay evidence in the record was incompetent evidence. Thus, the court evaluated the competent evidence of the proper functioning of the Intoxilyzer 5000 against the remaining incompetent hearsay evidence admitted at the administrative hearing and concluded that the conclusions of the ALJ were not adequately supported by competent evidence.
From this judgment, the DPSC appeals.

DISCUSSION
At the outset, we note that despite the trial court's broad pronouncements concerning the competency of the evidence contained in the administrative record, plaintiff, in his petition for declaratory judgment, challenged only the use of the arresting officer's affidavit, seeking a declaration that the procedure of utilizing the affidavit in lieu of live testimony was unlawful. Thus, the principal issue raised by the pleadings is whether the DPSC may rely upon the arresting officer's affidavit, at the administrative hearing level to support the suspension of a driver's license where the suspected drunk driver has submitted to a chemical test. The trial court's judgment, recalling the suspension of plaintiffs driver's license, was implicitly based upon a finding that the procedure utilized by the DPSC in relying upon this hearsay evidence in lieu of live testimony was improper. For the following reasons, we conclude that statutory authority exists for the use of hearsay evidence at the administrative hearing, regardless of whether it is a submittal case or a refusal case, and that such evidence, depending upon its individual character, may be considered competent evidence.

Statutory Authority for Use of Hearsay Evidence at the Administrative Hearing
The Informed Consent Law, LSA-R.S. 32:661-668, addresses the testing of individuals suspected of operating motor vehicles while under the influence of alcoholic beverages or controlled dangerous substances and provides sanctions for persons who refuse to submit to a chemical test or who submit to a chemical test yielding results which are presumptive of intoxication. Flynn v. State, Department of Public Safety & Correction, 608 So.2d 994, 995 (La.1992). The statutes also provide the administrative procedures for sanctioning these individuals and for review of such decisions. Flynn, 608 So.2d at 995.
Pursuant to LSA-R.S. 32:667, law enforcement officers are authorized to seize the driver's license and issue a temporary receipt when a person has been arrested for DWI and either refuses a chemical test or takes a test which results in a finding of a blood alcohol level presumptive of intoxication. A person whose license has been so suspended may request an administrative hearing to determine: whether the law enforcement officer had reasonable grounds to believe that the person who had been driving was under the influence of either alcoholic beverages or illegal controlled dangerous substances; whether the individual was placed under arrest; whether the officer warned the individual as provided in LSA-R.S. 32:661(C);[4] and, in *1208 the case of submittal, whether the individual voluntarily submitted to the chemical test and whether the test resulted in a blood alcohol reading of 0.10 percent or above by weight. LSA-R.S. 32:668(A). As set forth in section 668(A), the hearing shall be conducted in the same manner and under the same conditions as provided in LSA-R.S. 32:414.
The only portion of LSA-R.S. 32:414 which could be interpreted as being applicable to the administrative hearing is subsection (E). Pursuant to LSA-R.S. 32:414(E), the DPSC may conduct an investigation to determine whether the individual's license shall be suspended "upon a showing by its records or other sufficient evidence" that the suspension is warranted. (Emphasis added). Thus, when LSA-R.S. 32:668(A) and 414(E) are read together, these statutes provide that the scope of the administrative hearing may include a review of the records of the DPSC, which will necessarily contain hearsay, or other such evidence as will show whether the license should be suspended or returned to the individual.
Additionally, we note that an administrative hearing requested under the provisions of LSA-R.S. 32:667 and 668 falls under the Administrative Procedure Act, LSA-R.S. 49:950 et seq.[5]Brouillette, 589 So.2d at 532. The use of hearsay evidence such as the arresting officer's affidavit is further supported by the rules of evidence for administrative hearings as set forth in the APA. Section 956(2) of the APA provides, in pertinent part, as follows:
All evidence, including records and documents in the possession of the agency of which it desires to avail itself, shall be offered and made a part of the record, and all such documentary evidence may be received in the form of copies or excerpts, or by incorporation by reference.
Moreover, LSA-R.S. 49:956(1) provides that agencies may admit and give probative effect to evidence "which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs."
It is clear that the usual rules of evidence need not apply in administrative hearings, and, thus, hearsay may be admitted. Nonetheless, the findings must be supported by competent evidence, Brouillette, 589 So.2d at 532. Therefore, the question becomes whether hearsay evidence, such as the arresting officer's sworn statement, may ever be considered "competent evidence" to support the actions of the DPSC in suspending a license or whether hearsay evidence must always be deemed incompetent and, thus, insufficient alone to support suspension of a license.

Competency of Hearsay Evidence In Administrative Hearings for the DPSC
We observe that courts have been inclined to conclude that hearsay evidence, while admissible in administrative hearings, constitutes incompetent evidence, without any actual analysis of the reliability of that evidence. See Harris v. State Department of Social Services, 93-1365, p. 3 (La.App. 1st Cir.12/22/94), 648 So.2d 449, 450; see also Arceneaux v. Administrator, Office of Employment Security, Department of Labor, 511 So.2d 40, 41 (La.App. 3rd Cir.1987).
However, in Brouillette, this court recognized that, just as with any other evidence, the reliability of hearsay ranges *1209 from the least to the most reliable and that the guide to consideration of this evidence in the administrative setting should be a judgment about the reliability of particular evidence in a particular circumstance. Brouillette, 589 So.2d at 532, citing Germany v. State, Department of Health and Human Resources, 493 So.2d 800, 805 (La. App. 2nd Cir.), writ denied, 496 So.2d 352 (1986). Thus, in weighing the reliability of an Intoxilyzer Machine Recertification Form introduced at an administrative hearing to support a driver's license suspension on the basis of intoxication, this court in Brouillette noted that the machine recertification form was certified to be a true copy by the custodian of the chemical testing records for the Louisiana State Police Applied Technology Unit, the machine certification form was signed by a qualified technician, and a certified true copy of the technician's permit to perform maintenance and inspection of the Intoxilyzer machine was introduced. Considering those particular circumstances, this court concluded that, although hearsay, the machine recertification form was competent evidence. Brouillette, 589 So.2d at 533.
Moreover, the Louisiana Supreme Court has recently considered the issue of whether hearsay evidence can qualify as "competent evidence" in administrative proceedings before the Office of Workers' Compensation. Chaisson v. Cajun Bag & Supply Co., 97-1225, pp. 9-14 (La.3/4/98), 708 So.2d 375, 381-383. The Court noted that a more relaxed standard for the admissibility of evidence is the general rule in administrative proceedings, and, given the relaxed evidentiary standard in the workers' compensation law, LSA-R .S. 23:1317, "competent evidence" must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. Chaisson, 97-1225 at p. 10, 708 So.2d at 381.
The Court further concluded that, to give effect to the more relaxed evidentiary standards for administrative hearings before the Office of Workers' Compensation, hearsay evidence can qualify as "competent evidence," provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. The Court held that this determination must be made on a case-by-case basis under the particular facts and circumstances. Chaisson, 97-1225 at pp. 12-13, 708 So.2d at 382.
While the administrative proceedings in Chaisson involved the Office of Workers' Compensation, and not the DPSC, we find that the reasoning of the Court therein applies equally to the instant case. As noted above, both the statutes specifically addressing hearings before the DPSC for review of driver's license suspensions, i.e., LSA-R.S. 32:414 and 668, and the provisions of the APA, i.e., LSA-R.S. 49:956, provide for a relaxed evidentiary standard. Thus, in accordance with the holdings in Brouillette and Chaisson, we conclude that hearsay evidence, such as the officer's sworn statement, which is considered by the DPSC in an administrative hearing for review of the suspension of a driver's license pursuant to LSA-R.S. 32:661 may qualify as competent evidence to support its decision, provided that the evidence has some degree of reliability and trustworthiness and is of the type that reasonable persons would rely upon. Chaisson, 97-1225 at pp. 12-13, 708 So.2d at 382; Brouillette, 589 So.2d at 533.

Competency of Officer's Sworn Statement
The evidence offered at the administrative hearing in the instant case which plaintiff averred was incompetent and for which he sought a declaration that its use in a submittal hearing was unlawful was the DWI citation issued to plaintiff containing the notarized statements of the officer regarding the grounds upon which he suspected a DWI offense.
*1210 Plaintiff's objection to this document was based upon hearsay principles only. See Brouillette, 589 So.2d at 533. This sworn statement of the officer detailed his personal observations of plaintiff on the day of the arrest, and the statement was prepared on the day of the incident when the officer's memory would have been freshest. We further note that pursuant to the APA, plaintiff had the right to subpoena the officer to testify at the administrative hearing if he believed the officer's testimony was needed. See LSA-R.S. 49:955(C) & 956(5). Thus, we conclude that the trial court erred in finding this document to be incompetent evidence which should not have been considered by the ALJ.[6]
Moreover, plaintiff's due process rights are further protected in that plaintiff is entitled to de novo review in the district court of the DPSC's action. The Louisiana Supreme Court in Flynn held that judicial review of the administrative decision of the DPSC pursuant to LSA-R.S. 32:414 and 668 must be a trial de novo so that the plaintiff may introduce evidence as to his claim. This judicial review encompasses the calling of witnesses, the taking of testimony and the introduction of evidence. Flynn, 608 So.2d at 996-997.
However, in the instant case, it is clear from the record that a de novo review was not performed by trial court. Instead, the court reviewed only the documents considered by the ALJ at the administrative hearing and concluded that the ALJ's decision was based upon incompetent evidence. Thus, we must remand this matter for the trial court to conduct its statutorily mandated de novo review of the validity of the DPSC's suspension of plaintiff's driver's license.[7]

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court, recalling the suspension of plaintiff's driver's license, is reversed. This case is remanded for further proceedings consistent with the views expressed herein, including a de novo review to determine the validity of the suspension of plaintiff's driver's license.
REVERSED AND REMANDED.
NOTES
[1] The 365-day suspension was imposed on the basis that this violation constituted plaintiff's second violation. See LSA-R.S. 32:667(B)(1).
[2] In asserting that the use of the arresting officer's affidavit is statutorily authorized for refusal cases, but not submittal cases, plaintiff relies upon LSA-R.S. 32:666(B). This statute provided that in a situation where an individual refuses to submit to a chemical test, the arresting officer "shall submit a sworn report" that he has reasonable grounds to believe that the arrested individual had been driving or was in actual physical custody of a vehicle on a Louisiana public highway while under the influence of alcohol or an illegal controlled dangerous substance; that the individual was informed of his rights; and that the individual refused to submit to the chemical test.

However, at the time of plaintiff's arrest, there was no similar statutory provision requiring an officer to submit a sworn statement in cases where an individual submits to the chemical test. By Act No. 1146 of the 1999 regular legislative session, LSA-R.S. 32:666(B) was amended to specifically provide that the arresting officer is also required to submit a "sworn report" in a situation where the individual submits to a chemical test. This Act became effective August 15, 1999.
[3] In Brouillette, this court, after analyzing the reliability, trustworthiness and probative value of the particular hearsay evidence, determined that the form which certified the proper functioning of the Intoxilyzer 5000 machine was competent evidence which could properly be considered at the administrative hearing regarding the suspension of the plaintiff's driver's license. Brouillette, 589 So.2d at 533. In the instant case, the trial court specifically stated that it would not interpret Brouillette to expand its holding beyond the facts therein.
[4] Pursuant to LSA-R.S. 32:661(C), the officer must inform the individual of his Miranda rights; of the consequences of both refusal to submit to a chemical test and submission to the test; and of the name and employing agency of the officers involved.
[5] Of course, where specific provisions already exist and are inconsistent with the provisions of the APA, the specific rules apply. Flynn, 608 So.2d at 996 n. 4. As noted by the Supreme Court in Flynn, the Informed Consent Law provides that judicial review at the trial court level shall be de novo, LSA-R.S. 32:414(F)(4), and, thus, the provisions of the APA would not apply to judicial review in the trial court. Flynn, 608 So.2d at 996 n. 4.
[6] We note that while the trial court concluded that the affidavit was incompetent evidence, it did not grant the relief requested by plaintiff, i.e., a declaratory judgment declaring the DPSC procedure of utilizing the officer's sworn statement in lieu of live testimony at a submittal hearing to be unlawful. Rather, the trial court simply recalled the suspension of plaintiff's license. Nonetheless, given this court's analysis of this issue, we concluded that plaintiff was not entitled to declaratory judgment as prayed for.
[7] Although not clearly established by the record, in brief to this court, plaintiff states that the trial court agreed to first consider plaintiff's request for declaratory judgment that the procedure utilized by the DPSC in relying upon the arresting officer's affidavit in lieu of testimony was improper, prior to conducting a de novo review of the suspension of plaintiff's license.

Additionally, we note that the record on appeal does contain a document entitled "Stipulation of Fact" wherein plaintiff seemingly concedes that the police officer had reasonable grounds to believe that plaintiff had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol, that he was properly arrested and warned, and that the Intoxilyzer 5000 test was properly administered. However, this purported "Stipulation of Fact" is not signed by counsel for either party.