1 iDOWNING, J.,
Concurring in part; dissenting in part.
I agree and join in the court’s ruling that the judgment of the trial court must be reversed. The record contains no evidence to support the judgments of the administrative law judge or the trial court, even under the evidentiary principles outlined in Spreadbury v. State, Dept. of Public Safety, 99-0233 (La.App: 1 Cir. 11/5/99), 745 So.2d 1204 and Chaisson v. Cajun Bag & Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375.
I dissent, however, on remanding this matter for further proceedings. I am aware of no principle of law that allows this matter to be remanded to reopen the record after final judgment has been issued, absent legal error. Further, under the Administrative Procedure Act, La.R.S. 49:964E, the State Department of Social Services had the opportunity to request the district court to remand the matter for the introduction of additional evidence if such evidence were material and good reason existed for the failure to present the evidence in the administrative hearing. The Department of Social Services made no such request. Nor did the Department make a request for a new trial. Nor did it ask that the judgment be annulled. The State has had its trial. It does not get a second bite at the apple.