804 So.2d 769 (2001)
Glenn TAYLOR
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 2000-CA-1992.
Court of Appeal of Louisiana, Fourth Circuit.
December 12, 2001.
*771 Lee V. Faulkner, Jr., Gretna, LA, Counsel for Plaintiff/Appellee.
Mavis S. Early, City Attorney, Patrick R. Bossetta, Deputy City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE.
Judge TERRI F. LOVE.
Defendant, New Orleans Police Department, appeals the decision of the Civil Service Commission, reinstating Officer Glenn Taylor, who was terminated for violating departmental rules and/or procedures. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Glenn Taylor ("Officer Taylor"), was employed as a police officer by the New Orleans Police Department ("NOPD"). On July 23, 1997 at approximately 7:45 a.m., Plaintiff allegedly went to the home of his estranged wife, Ms. Sabrina Taylor ("Ms.Taylor"). Ms. Taylor alleges that Officer Taylor attempted to choke her with a dog chain and drag her around the house, as he accused her of having an affair. She also alleges that she was so frightened during the incident that she urinated on herself. After Officer Taylor left, Ms. Taylor called the police department to report the incident. Three police officers, Officer Michael Marziale ("Officer Marziale"), Officer Paul Moretti ("Officer Moretti") and Officer Robert Nelson ("Officer Nelson") arrived at the residence at approximately 8:45 a.m. to investigate the matter. Upon arrival, they observed that Ms. Taylor appeared frightened and that she exhibited red marks on her neck.
Officer Taylor argues that the aforementioned events never occurred. He contends that the evening before the alleged incident, he had moved his items out of Ms. Taylor's residence and into a new apartment, while she moved back into the home.[1] The next morning, on July 23, he awoke at approximately 7:30 a.m. He alleges that he had intended to begin working overtime at the police department in the mornings, and thus, had meant to wake up earlier so that he could arrive at the department for an 8:00 a.m. shift. While getting dressed for work at his new residence, he realized that his badge, tag and pens were missing. He contends that before 8:00 a.m., he called the police department to let them know that he would be late and then called Ms. Taylor to inquire whether she had the missing items. Officer Taylor alleges that he hung up the phone after Ms. Taylor informed him that she did not have his uniform accessories. Further, he asserts that he did not go to *772 her home and he did not choke or drag her with a dog chain.
On behalf of the NOPD, the appointing authority terminated Officer Taylor on the basis that the domestic violence and his untruthfulness during the investigation violated departmental rules and procedures. Officer Taylor appealed the NOPD's decision to the Civil Service Commission ("Commission"), whereupon the Commission granted the appeal and reinstated Officer Taylor. The NOPD now appeals the decision of the Civil Service Commission.

STANDARD OF REVIEW
In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. Brooks v. Department of Police, XXXX-XXXX (La.App. 4 Cir. 5/9/01), 787 So.2d 1061; Smith v. New Orleans Police Department, 99-0024, p. 5-6 (La.App. 4 Cir. 9/22/99), 743 So.2d 834, 837-838. Deference will be given to the factual conclusions of the Commission. See Brooks, supra at p. 4. Thus, in evaluating the Commission's factual findings, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. See Bannister v. Department of Streets, 666 So.2d 641 (La.1996); Brooks, supra.
Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious or characterized by abuse of discretion. La. R.S. 49:964; Brooks, p. 5. Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. See Brooks at p. 5; Newman v. Department of Fire, 425 So.2d 753 (La.1983). "Arbitrary or capricious" can be defined as the lack of rational basis for the action taken. See Shields v. City of Shreveport, 579 So.2d 961 (La. 1991).
The Defendant, NOPD, raises three assignments of error. It argues that the Commission committed clear error and acted arbitrarily and capriciously by (1) granting Plaintiffs appeal, (2) dismissing the testimony of the three investigating officers as hearsay and (3) not allowing the testimony of Lt. James Hall to go to the weight of the evidence.

DISCUSSION

1. Did the Commission commit clear error and act arbitrarily and capriciously by dismissing the testimony of the three investigating officers as hearsay?
Defendant argues that the Commission erred by failing to consider the testimony of the three investigating officers on the basis that their testimony constituted hearsay. Furthermore, Defendant argues that the Commission cannot characterize the testimony as hearsay when Plaintiff never objected to the testimony as such during the hearing. In opposition, Plaintiff contends that at the time the investigating officers testified, Ms. Taylor was scheduled to testify at a later date due to medical problems. Thus, Plaintiff contends that at the time, he did not object to the officers testimony as hearsay because eventually Ms. Taylor was going to testify on her own behalf. Ultimately, however, the Defendant never called Ms. Taylor to testify. Therefore, Plaintiff argues that now, the officer's testimony constitutes hearsay because Ms. Taylor never made an appearance during the hearing.
We find it unnecessary to determine whether the testimony is hearsay. Our case law provides that the usual rules of evidence need not apply in administrative hearings; thus, hearsay may be admitted. *773 Glazer Steel Corp. v. Administrator, Office of Employment Sec. Of State of La., 98-0441 (La.App. 4 Cir. 9/30/98), 719 So.2d 674; Spreadbury v. State, Dept. of Public Safety, 99-0233 (La.App. 1 Cir. 11/5/99), 745 So.2d 1204; Brouillette v. State, Dept. of Public Safety, License Control and Driver Imp. Div., 589 So.2d 529 (La.App. 1 Cir.1991). However, the findings of the Commission must be based upon competent evidence. Cittadino v. Dep't. of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir. 3/14/90). Incompetent evidence will be disregarded by the appellate court. See Id. Therefore, the question becomes whether hearsay evidence may ever be considered "competent evidence." See Spreadbury, 745 So.2d 1204 at 1209. Hearsay evidence, such as an officer's sworn statement may qualify as competent evidence, provided that the evidence has some degree of reliability and trustworthiness and is of the type that a reasonable person would rely upon. See Spreadbury, supra. Furthermore, it should be noted that the admission of such hearsay evidence in an administrative hearing does not infringe upon any constitutional principles. See Brouillette, supra, 589 So.2d 529 at 532; Gerald v. Louisiana State Senate, 408 So.2d 426, 430 (La.App. 1 Cir.1981).
At the hearing, the three investigating officers testified as follows:
Officer Marziale, who had been a police officer for 27 years, testified that Ms. Taylor appeared shaken and nervous and that it looked as though her clothes were soiled. Furthermore, he stated that all of her materials from work were askew on the floor as though "someone would grab you and you just dropped everything just kind of flew like 52 card pickup." Additionally, he testified that she had a mark on her neck which looked as though it had resulted from some type of chain.
Officer Moretti, who had been on the force for 15 years, testified that Ms. Taylor sounded hysterical on the tape of her call to the police. Upon arrival at the scene of the alleged incident, Officer Moretti noted that Ms. Taylor had light red marks on her throat and the marks were consistent with her allegation that she had been choked. Furthermore, he also supported Officer Marziole's testimony that her items from work were strewn all over the floor.
Officer Nelson, who had been with the NOPD for 24 years, testified that Ms. Taylor was visibly shaken and at times uncontrollable to the extent that she did not even want to sit down. He also testified that he saw a red mark on her neck, in the impression of a line, indicative of the fact that she had been choked other than by hand.
Upon conclusion of the hearing, the Commission concluded that it could not find in favor of the appointing authority without the testimony of the victim, Ms. Taylor. In its decision, the Commission stated:
We find that the Appointing Authority's evidence is inconclusive at best. The investigators could only surmise that something happened. However, without the testimony of Ms. Taylor, who has first-hand knowledge of the facts alleged in this case, we cannot readily conclude that the Appointing Authority has met its burden of proof. The Appellant has a constitutional right to cross-examine Ms. Taylor about the serious allegations presented in this case. Otherwise his right to due process is violated.
We find that the Commission committed clear error in its findings. Clearly, our caselaw permits the admission of hearsay evidence in administrative hearings and further, this practice does not violate the constitution. See Glazer, 719 So.2d 674; Spreadbury, 745 So.2d 1204; Brouillette, *774 589 So.2d 529. Particularly, the hearsay statements of the officers are considered competent evidence if the information is reliable and trustworthy. See Spreadbury, supra. Thus, the issue that this court must determine is whether the hearsay testimony of the officers in this case is reliable and trustworthy so as to be considered competent evidence.
Gant v. Department of Police, 99-1351 (La. 4 Cir. 1/5/00), 750 So.2d 382, presented a factual scenario similar to the present case. A police officer was dismissed from the NOPD for violating police departmental rules after he committed a battery upon his girlfriend. The Commission modified the appointing authority's decision and suspended the officer for 30 days. At the hearing, the Commission ruled that the testimony of one of the investigating officers was not admissible because it was irrelevant. We found that the testimony was relevant and furthermore, the testimony did not constitute hearsay. This Court additionally found the testimony of the officer was based upon competent evidence, as it was based upon personal knowledge obtained during an interview of the victim. Thus, we found that the Commission was in error when it failed to consider the officer's testimony.[2]
Similarly, we reach the same conclusion in this case. Not only do we find that the hearsay testimony is admissible but we also find that it is competent evidence. All three of the officers were immediately summoned to Ms. Taylor's home following the incident and had ample opportunity to speak with and observe Ms. Taylor and the condition of her residence. Each of the officers testified that she appeared frightened, that there were some types of red marks on her neck and that her work items were in disarray on the floor. Thus, all of the officers' testimony consistently corroborated Ms. Taylor's allegations. As such, we find that the Commission committed clear error and acted arbitrarily and capriciously in finding that the testimony of the officers was inconclusive and that Officer Taylor's constitutional rights were violated.

2. Did the Commission commit clear error and act arbitrarily and capriciously by reinstating Officer Taylor?
In addition to Ms. Taylor's allegations of battery, the appointing authority also determined that Officer Taylor had been untruthful during the investigation. Notably, Officer Taylor alleged that the reason that Ms. Taylor called the police to her home was because Ms. Taylor had had an argument with him while he was on his cell phone. However, the cell phone records revealed that he did not call Ms. Taylor from his cell phone until 9:15 a.m. after she had already called the police to her home. Thus, the cell phone records refute Officer Taylor's contentions.
Furthermore, Officer Taylor was unable to substantiate his actions on the morning of the incident. Although he claimed that he called Sergeant Angelo Smith ("Sgt. Smith") before 8:00 a.m. to notify him that he would be late for work, the evidence introduced during the hearing showed that he did not call his job until after 8:30 a.m. Additionally, Officer Taylor was not scheduled to work that morning, so his claim that he was "late" for his shift was misleading. As such, not only was Officer Taylor unable to account for his whereabouts during the time period when the *775 incident occurred but he also was untruthful about when he was scheduled to work.
Our State Constitution provides that employees with permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const., Art. X, Sec. 8(A). Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Smith v. New Orleans Police Dept., 99-0024 (La. App. 4 Cir. 9/22/99), 743 So.2d 834; Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir.1990). The appointing authority has the burden of proving the impairment. See La. Const. Art. X, Sec. 8(A). Furthermore, the appointing authority must prove its case by a preponderance of the evidence. Smith, 743 So.2d 834, 837.
In assessing the facts, the appointing authority found that Officer Taylor had violated Departmental Rule 2, relating to moral conduct and Rule IX, Section 1 of the Rules of the Civil Service Commission for the City of New Orleans. The letter dismissing Officer Taylor detailed the specific rules and laws that he had violated. In part the letter provided that he had failed to adhere to the following rules and laws:
RULE 2 MORAL CONDUCT
1. ADHERENCE TO LAW
Employees shall act in accordance with the constitutions, statutes, ordinances, administrative regulations, and the official interpretations thereof, of the United States, the State of Louisiana, and the City of New Orleans, but when in another jurisdiction shall obey the applicable laws. Neither ignorance of the law, its interpretations, nor failure to be physically arrested and charged, shall be regarded as a valid defense against the requirements of this rule.
Applicable Law
R.S. 14 Article 34 Aggravated Battery

Aggravated battery is a battery committed with a dangerous weapon.
R.S. 14 Article 60 Aggravated Battery

Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
1) is armed with a dangerous weapon: or
2) after entering arms himself with a dangerous weapon; or
3) commits a battery upon any person while in such place, or in entering or leaving such place.

-and-
Rule IX of the Civil Service Commission which provides as follows:
DISCIPLINARY ACTIONS
Section 1. MAINTAINING STANDARDS OF SERVICE
1.1 When an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service. The action may include one or more of the following:
(1) removal from the service

*776 (2) involuntary retirement
(3) reduction in pay within the salary range for the employee's classification, subject tot he provisions of Rule IV, Section 8.
(4) demotion to any position of a lower classification that the employee is deemed by the appointing authority and the Director to be competent to fill, accompanied by a reduction in pay, which is within the salary range for the lower classification, subject to the provisions of Rule IV, Section 8.
(5) suspension without pay not exceeding one hundred twenty (120) calendar days.
(6) fine
As already stated, the Commission overturned Officer Taylor's dismissal and reinstated him. In reviewing the Commission's decision, this Court must defer to the Commission's factual findings under the manifest error standard. However, we must further determine whether the Commission's decision to reinstate Officer Taylor was arbitrary and capricious or characterized by an abuse of discretion. La. R.S. 49:964. In assessing whether the Commission's decision reaches the level of "arbitrary and capricious," we must evaluate whether there exists a lack of rational basis for the action. See Shields, 579 So.2d 961.
We have already determined that the Commission was in error for failing to properly consider the investigating officers' testimony. In essence, the Commission did not accept the officers' testimony as competent evidence because Ms. Taylor never testified. In doing so, the Commission gave little weight to the the appointing authority's decision and merely formed its own. Previously, this Court has held that the Commission should not substitute its decision for that of the appointing authority. See Brooks, XXXX-XXXX at p. 7; Palmer v. Dep't. of Police, 97-1593 (La.App. 4 Cir. 1/28/98), 706 So.2d 658; Smith v. New Orleans Police Dep't., 00-1486 (La.App. 4 Cir. 4/11/01) 784 So.2d 806. Specifically, in Brooks, we stated:
The public puts its trust in the police department as a guardian of its safety, and it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. Indeed the Commission should give heightened regard to the appointing authorities that serve as special guardians of the public's safety and operate as quasi-military institutions where strict discipline is imperative.
Citations omitted. Id. at p. 7, 787 So.2d 1061. The appointing authority has discretion to discipline an employee for cause when an employee's conduct impairs the efficiency of the public service in which the employee is engaged. See Smith v. New Orleans Dep't., 99-0024 (La.App. 4 Cir. 9/22/99), 743 So.2d 834. This given, considering the facts of this case and the applicable rules and laws, the appointing authority took appropriate action by dismissing Officer Taylor. However, the Commission failed to give heightened regard to the appointing authorities' assessment and disposition of this matter. See Brooks, supra at p. 7. The appointing authority reviewed ample and consistent evidence concerning Ms. Taylor's allegation of domestic violence and Officer Taylor's untruthfulness. As Chief Ronal Serpas explained, Officer Taylor had been dismissed because his personal life had reached the level of violating law. Further, he stated that, "[Officer Taylor] was untruthful, deliberately untruthful, all of which is inconsistent with an employee who should continue service." Therefore, the Commission was arbitrary and capricious because *777 there was no rational basis for reinstating Officer Taylor.
As part of the NOPD's investigation, Lieutenant James Hall (Lt.Hall) conducted a polygraph test on Officer Taylor. At the hearing, the Commission refused to permit Lt. Hall to testify as to any information regarding the polygraph test results. Since we are reversing the Commissions judgment on the basis that it committed clear error and was arbitrary and capricious in regards to the first two issues, we pretermit discussion as to the admissibility of the polygraph test.
Accordingly, the judgment of the Commission reinstating Officer Taylor is reversed. The original disciplinary action dismissing Officer Taylor is reinstated.
REVERSED.
NOTES
[1] While the divorce was pending, Ms. Taylor had been residing with her mother.
[2] The officer's girlfriend was eventually murdered. As such, the appellant argued that the officer's testimony constituted an exception to the hearsay rule. However, since we found that the hearsay evidence was admissible, we declined to discuss whether the officer's testimony fell within the exception to the hearsay rule.