JOY COSSICH LOBRANO, Judge.
| Appellant, Rydell Diggs, appeals the ruling of the Civil Service Commission denying his appeal following termination of his employment with the New Orleans Police Department (“NOPD”). Appellant’s employment was terminated for violation of internal rules regarding adherence to law, truthfulness and professionalism. Specifically, the Appointing Authority, NOPD, determined that appellant violated criminal statutes relative to aggravated battery, simple battery and theft. For reasons that follow, we affirm the ruling of the Civil Service Commission.
It is undisputed that on August 2, 2007, appellant, a Police Officer with permanent status employed by NOPD, conducted a traffic stop of a vehicle, which was driven by Froilan Corrías and had no passengers. After Corrías exited his vehicle, appellant put handcuffs on him, patted him down and placed him in the back of the police car. The remaining material facts of this case are in dispute.
Sergeant Omar Diaz conducted an investigation of the incident at issue, and testified at the Commission hearing as to his findings. He stated that on August 3, 122007, Corrías and his girlfriend, Victoria Ruiz, came to the NOPD Public Integrity Bureau office to file a complaint against appellant. Corrías was wearing a knee brace, and had contusions on his forehead and arm. Corrías reported that he was beaten and robbed by a police officer (appellant) during a traffic stop. The traffic stop occurred on August 2, 2007 at approximately 1:17 a.m. According to Corrías, appellant instructed him to exit the vehicle, and then placed him in handcuffs and put him in the back seat of the police car. Appellant asked Corrías for his drivers’ license and Corrías turned over his wallet to him. While still in possession of the wallet, appellant ran Corrías’ name through the computer to check for outstanding warrants. Appellant asked Cor-rías why he was carrying so much cash ($1,400.00), and Corrías answered that he had recently received payment for construction work and planned to pay some bills with the cash. Appellant determined that there were no warrants against Corrí-as, returned his wallet to him, and allowed him to leave.
Corrías then drove the short distance to his house and counted the money in his wallet. Realizing that $500.00 was miss *1152 ing, he awoke his girlfriend, Victoria Ruiz, and asked her to accompany him to look for the appellant. They spotted appellant a few blocks away, sitting in his car in front of a house talking to a woman. Sergeant Diaz learned that the woman was appellant’s girlfriend at the time, Denise Green. Corrias drove up, rolled down his window and asked appellant for his money. Appellant denied having the money. Appellant then exited his vehicle, walked up to Corrias’ vehicle and continued to deny having the money. Appellant punched Corrias in the face, a fact that was confirmed to [sSergeant Diaz by Green, and described by her as a “sucker punch.” Appellant then pulled out a baton and began striking Corrias with it through the open car window.
Corrias climbed over his girlfriend to escape through the passenger door while appellant continued to strike him with the baton. Corrias managed to get out of the vehicle and ran to a friend’s house nearby. While Corrias was trying to escape, appellant sprayed pepper spray into the vehicle, hitting Ruiz and causing irritation to her eyes. According to Ruiz, plaintiff told her he did not take Corrias’ money and suggested that she should look inside the police car for the money. Ruiz looked in the back seat of the police car but saw no money. Sergeant Diaz confirmed that Corrias sought medical treatment for his injuries approximately one hour after the incident. Those records noted that Corri-as suffered a fractured kneecap and was prescribed medication. Ruiz was treated for irritation to her eyes from the liquid substance sprayed into the car by appellant.
Sergeant Diaz further testified that appellant denied all of the allegations of misconduct made by Corrias and Ruiz. However, Sergeant Diaz determined that Corrias, Ruiz and Green were more credible than appellant. He did not find credible the explanation advanced by appellant and his supervisor, Sergeant Philibert, that $500.00 in cash must have fallen out of Corrias’ wallet while he was in the back of the police car.
Corrias did not testify at the hearing, but Ruiz did. She stated that on August 2, 2007, Corrias woke her up, and informed her that a police officer had robbed him. She went with him to look for the officer, and when they located him, Corrias 14asked him for the money. An argument ensued, and appellant pulled out a baton and struck Corrias on the knee with the baton. Ruiz testified that appellant also struck Corrias’ face, but she could not recall if appellant used his fist or the baton in doing so. As Corrias was exiting the vehicle, appellant sprayed a liquid substance into the vehicle, which struck Ruiz, causing irritation to her eyes for which she sought medical attention. She stated that Corrias ultimately got his money back, which was found on the back seat of the police car after appellant’s supervisor arrived.
Appellant testified that he stopped Cor-rias on August 2, 2007 for driving without headlights, and for possible drug activity due to the fact that the area in which Corrias was driving was known for drug activity. After Corrias stepped out of his vehicle, appellant put handcuffs on him, patted him down and placed him in the rear seat of the police car. Appellant stated that he never asked for or took possession of Corrias’ wallet, but instead simply asked Corrias for his name and then ran the name through the computer to determine if there were any outstanding warrants. Finding none, appellant gave Cor-rias a warning and allowed him to leave. Appellant then drove to his girlfriend’s house nearby, and was seated in his vehicle outside of her house eating a sandwich that she had prepared for him when Corri- *1153 as drove up with his girlfriend, Victoria Ruiz, and accused appellant of stealing his money during the traffic stop. Appellant stated that he immediately called his supervisor, Sergeant Philibert, who arrived on the scene within minutes.
15At the hearing, appellant stated that he was arrested as a result of this incident, but was acquitted of all charges at trial. He denied hitting Corrías or spraying Ruiz with pepper spray. He further denied stealing money from Corrías or even asking for his wallet during the traffic stop. As for Sergeant Diaz’s testimony that appellant’s former girlfriend confirmed that he struck Corrías, appellant dismissed her statement as that of an angry ex-girlfriend.
Sergeant Philibert, appellant’s supervisor, testified that appellant called him on August 2, 2007 to request his presence due to a conflict with a citizen. When Sergeant Philibert arrived, within a couple of minutes of appellant’s call, Corrías told him that appellant took his money. According to Sergeant Philibert, Corrías did not say anything about being struck by appellant with a fist or a baton, and Ruiz did not complain that she had been struck with pepper spray. Sergeant Philibert testified that he saw no evidence of a beating and did not observe anyone injured at the scene. He stated that he walked with Corrías to the police car, and while shining his flashlight on the back seat, saw money on the seat. Corrías confirmed that the money belonged to him.
The applicable law governing an employee’s appeal to the Civil Service Commission following disciplinary action and this Court’s review of the denial of such an appeal was set forth by this Court in Cure v. Department of Police, 07-0166 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, as follows:
The appointing authority has the burden of proving, by a preponderance of the evidence that the complained-of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient [ (¡operation of the appointing authority.[1] Marziale v. Department of Police, 06-0459, p. 10 (La.App. 4 Cir. 11/8/06), 944 So.2d 760, 767, citing Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). The burden of proof on appeal to the Civil Service Commission shall be on the appointing authority. Marziale, supra, 06-0459, p. 11, 944 So.2d at 767, citing Walters v. Dept. of Police of New Orleans, 454 So.2d at 112-113. The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review. La. Const, art. X, § 12(B); Marziale, supra. In determining whether the disciplinary action was based on good cause and whether the punishment is commensurate with the •infraction, this court should not modify the Civil Service Commission order unless it was arbitrary, capricious, or characterized by an abuse of discretion. Id. A decision by the Civil Service Commission is “arbitrary or capricious” if there is no rational basis for the action taken by the Civil Service Commission. Id., citing Bannister v. Department of Streets, 95-0404, p. 8 (La.1/16/96), 666 So.2d 641, 647.
Id., p. 2, 964 So.2d at 1094-1095.
In his sole assignment of error on appeal, appellant argues that the hearsay *1154 evidence offered through Sergeant Diaz’s testimony was improperly admitted because it was not reliable and/or trustworthy. At the hearing, Sergeant Diaz testified as to statements he obtained from Froilan Corrías and Denise Green. Neither Corrías nor Green testified at the hearing. Counsel for appellant did not object to the hearsay testimony as to Cor-rías, but he did object to the hearsay testimony as to Green. The hearing examiner overruled the objection, and allowed the hearsay testimony.
|7In Taylor v. New Orleans Police Department, 00-1992 (La.App. 4 Cir. 12/12/01), 804 So.2d 769, this Court enunciated the law regarding the admission of hearsay evidence in an administrative hearing, as follows:
Our case law provides that the usual rules of evidence need not apply in administrative hearings; thus, hearsay may be admitted. Glazer Steel Corp. v. Administrator, Office of Employment Sec. Of State of La., 98-0441 (La.App. 4 Cir. 9/30/98), 719 So.2d 674; Spreadbury v. State, Dept. of Public Safety, 99-0233 (La.App. 1 Cir. 11/5/99), 745 So.2d 1204; Brouillette v. State, Dept. of Public Safety, License Control and Driver Imp. Div., 589 So.2d 529 (La.App. 1 Cir.1991). However, the findings of the Commission must be based upon competent evidence. Cittadino v. Dep’t. of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir. 3/14/90). Incompetent evidence will be disregarded by the appellate court. See Id. Therefore, the question becomes whether hearsay evidence may ever be considered “competent evidence.” See Spreadbury, 745 So.2d 1204 at 1209. Hearsay evidence, such as an officer’s sworn statement may qualify as competent evidence, provided that the evidence has some degree of reliability and trustworthiness and is of the type that a reasonable person would rely upon. See Spreadbury, supra. Furthermore, it should be noted that the admission of such hearsay evidence in an administrative hearing does not infringe upon any constitutional principles. See Brouillette, supra, 589 So.2d 529 at 532; Gerald v. Louisiana State Senate, 408 So.2d 426, 430 (La.App. 1 Cir.1981).
Id., pp. 4-5, 804 So.2d at 772-773.
The appellant suggests that the hearsay testimony offered by Sergeant Diaz does not fit the criteria set forth in the Taylor case because it conflicts with Sergeant Phi-libert’s testimony that he arrived on the scene shortly after the incident and saw no sign of apparent injury on Corrías. Sergeant Philibert also stated that neither Corrías nor Ruiz complained of any beating or use of pepper spray by appellant at that time. Appellant also argues that Sergeant Diaz’s testimony about Denise Green witnessing appellant punch Corrías, and describing it as a “sucker | ¿punch,” should not have been allowed because it was a statement made by “an angry ex-girlfriend” with a bias against appellant, and therefore, was not sufficiently reliable or trustworthy.
As stated above, the only hearsay testimony to which appellant objected at the hearing was the testimony Sergeant Diaz gave regarding what Denise Green told him. As discussed below, we find this testimony qualified as competent evidence and was properly allowed by the trial court. Furthermore, if appellant had also objected to the statements offered by Sergeant Diaz as to what he was told by Corrías, we would likewise find no error in the trial court’s decision to allow that testimony.
The statements from both Green and Corrías were obtained by Sergeant Diaz during the course of his investigation of the appellant’s actions, and Sergeant Diaz *1155 had the opportunity to make credibility determinations when he obtained those statements. Sergeant Diaz interviewed Corrias and Ruiz the day after the incident, personally observed Corrias’ injuries and confirmed through medical records that Corrias and Ruiz sought medical treatment one hour after the incident.[2] Although Sergeant Diaz does not note the date or time that he interviewed Green, the information he obtained from her merely corroborated the version of events told to him by Corrias and Ruiz. Additionally, Ruiz testified at the hearing that appellant struck Corrias. Because we conclude that Sergeant Diaz’s testimony regarding his interviews of Corrias and Green, while hearsay, qualified'as competent evidence because it had a “degree of reliability and trustworthiness and is of the type that a reasonable person would rely upon,” we find no merit in the appellant’s argument |3that the hearing examiner erred in allowing this evidence. See Johnson v. Department of Police, 08-0467 (La.App. 4 Cir. 12/10/08), 2 So.3d 501; Broaden v. Department of Police, 03-1427 (La.App. 4 Cir. 1/14/04), 866 So.2d 318.
The Appointing Authority terminated appellant’s employment with NOPD after determining that appellant violated the following criminal statutes:
1) La. R.S. 14:34, relative to aggravated battery on Froilan Corrias by striking him with a metal baton;
2) La. R.S. 14:35, relative to simple battery on Froilan Corrias by striking him with a fist;
3) La. R.S. 14:35, relative to simple battery on Ms. Victoria Ruiz by pepper spray; and
4)La. R.S. 14:67, relative to theft of $500.00 in U.S. currency, the property of Mr. Froilan Corrias.
The Appointing Authority determined that appellant was untruthful when he denied violating the above-listed criminal statutes during the internal investigation, and found the appellant’s criminal actions unprofessional. The Civil Service Commission denied appellant’s appeal after concluding that the Appointing Authority provided sufficient reliable evidence to meet its burden of proof as to all sustained charges against appellant. Considering the circumstances of this case, the penalty of termination was warranted and not excessive. The Commission’s denial of appellant’s appeal was neither arbitrary nor capricious, and was not an abuse of discretion. Accordingly, we find the Commission’s conclusion reasonable and affirm the decision denying appellant’s appeal.
For the reasons stated above, we affirm the decision of the Civil Service Commission denying the appeal of Rydell Diggs.
AFFIRMED

. In the instant case, counsel for the City and counsel for the appellant stipulated that if the Commission found that the appellant committed the charged infractions, those infractions would impair the efficient operation of the NOPD.

. Sergeant Philibert interviewed Corrias and Ruiz within minutes of the incident at issue, at approximately 1:30 a.m., when Corrías’ injuries might not have been as visible, and before Corrias and Ruiz had sought medical treatment for their injuries.