575 So.2d 440 (1991)
James JOHNSON
v.
DEPARTMENT OF POLICE.
No. 90-CA-0877.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 1991.
Arthur L. Hunter, Jr., New Orleans, for appellant.
Okla Jones, II, City Atty., William D. Aaron, Jr., Chief Deputy City Atty., Daniel A. Claitor, Asst. City Atty., New Orleans, for appellee.
Before BYRNES, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
In this civil service disciplinary case, James Johnson, a former officer with the City of New Orleans Police Department, appeals a Civil Service Commission order which upheld his dismissal from the police department. Johnson's appeal to the Commission set forth two arguments in the alternative, i.e., that his dismissal for substance abuse was unjust and unwarranted *441 and that the dismissal was due to racial discrimination. On appeal to this court, Johnson admits the burden of proving the factual basis of the discrimination charge was his, but asserts the burden of proving the factual basis for the disciplinary charge rested on the appointing authority. Johnson, therefore, asserts the Commission erred in affirming his dismissal because the appointing authority failed to present any evidence at the Commission hearing to show his dismissal was just and warranted.[1] We agree. A person who has gained permanent status in classified city service who is subject to disciplinary action has the right of appeal to the appropriate commission. LSA-Const. art. X, sect. 8(A). Under our state constitution, the burden of proof on appeal, as to the facts supporting the disciplinary action, is on the appointing authority. Id. Thus, the Commission erred in affirming Johnson's dismissal when, after Johnson presented evidence on his charge of discrimination, the appointing authority opted to not present any physical or testimonial evidence at the hearing. The Commission's order is, therefore, reversed and the case remanded for further Commission proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY
By letter dated February 23, 1989 Johnson received notice of the revocation of his police commission and of his suspension from duty. The letter indicated these sanctions were being imposed because Johnson "acted in a manner unbecoming an officer in that on or about (6) Thursday, February 23, 1989 (7) 7:10 a.m., while at or near (8) 4330 St. Claude Ave. Fifth District Station, [he] (9) came to work 35 minutes late. P/O James Johnson appeared for work intoxicated." He was also informed his misconduct constituted violations of the Operations Manual, Rule 3.6 Professional Conduct, Use of Alcohol; Rule 4.1 Performance of Duty, Reporting for Work; Rule 4.4 Performance of Duty, Neglect of Duty; and Rule 4.6 Performance of Duty, Leaving Assigned Area. And, his conduct constituted a violation of Rules of the Civil Service Commission of the City of New Orleans, Rule IX.
Johnson responded on March 14, 1989, to the Department's decision to suspend him by giving notice to the Civil Service Commission that he intended to appeal the disciplinary action. His appeal was docketed as Civil Service Commission, City of New Orleans, No. 3676 and was assigned to a hearing examiner pursuant to LSA-Const. art. X, sect. 12.
Thereafter, by letter of April 10, 1989, Superintendent of Police, Warren G. Woodfork, Jr., informed Johnson his employment with the New Orleans Police Department would be terminated. Chief Woodfork's letter related the results of an administrative investigation conducted to determine the disciplinary action to be taken against him, as follows:
... [O]n Thursday, February 23, 1989, [Johnson] reported for work late, without an excuse, coming in at 7:10 AM, when [he] was scheduled to report in for 6:25 AM. [He was] instructed by Sgt. Willem, to submit a written correspondence concerning [his] tardiness, prior to leaving the station. [He] failed to do so and departed the station, driving a department vehicle, without meeting with Sgt. Willem. At 7:30 AM [he] was observed by Sgt. Newell Smith, in the Seventh Division area, having left [his] assigned area without permission. Upon being summoned back in to the Fifth Division Station, [he] was observed by [his] ranking officers to be in an apparent intoxicated condition at 9:30 AM. [He] submitted to an Intoxilyzer Test at 10:49 AM that morning and recorded a reading of .103. [He] had driven the departmental vehicle while legally intoxicated.
On March 1, 1989, [he] entered the CPC East Lake Hospital Clinic for substance abuse. However, [he] failed to complete the program and left the Hospital, *442 against medical advice, On March 26, 1989.
To afford [him] an opportunity to present facts in mitigation or to explain [his] conduct, a hearing was held before Assistant Superintendent Ray Holman on April 3, 1989. At that hearing, [he] offered nothing which would tend to mitigate, justify or explain [his] behavior as heretofore outlined.
Chief Woodfork's letter asserted that following the hearing, Chief Holman recommended Johnson should be dismissed from the Department. Chief Woodfork further asserted that his own review of the investigative report revealed that not only did Johnson's actions violate Rules 3.6, 4.1, 4.4 and 4.6 of the Operations Manual and Rule IX of the Rules of the Civil Service Commission for the City of New Orleans, as Johnson had previously been informed, but his actions also violated three other Operations Manual rules, Rule 2.1 Moral Conduct, Adherence to Law; Rule 3.7 Professional Conduct, Use of Alcohol/Off-duty; and Rule 4.2 Performance of Duty, Instructions from Authoritative Source. Therefore, due to the findings of the investigation, the serious nature of his present violations and his disciplinary history, Chief Woodfork informed Johnson his employment with the Department would be terminated effective April 13, 1989.
Johnson responded to the Department's decision to terminate his employment by appealing the disciplinary action to the Civil Service Commission. His notice of appeal claimed the termination of his employment was unjust and unwarranted and the result of racial discrimination. He further asserted, "[t]he racial discrimination consists of the Department of Police allowing Sgt. Emmett Dupas (white male), who reported for work in 1986, while intoxicated and he was only suspended." The appeal was docketed as Civil Service Commission, City of New Orleans, No. 3709.
Johnson's two appeals were consolidated at the August 14, 1989 Civil Service Commission hearing held before Hearing Examiner Ralph D. Dwyer, Jr. At the hearing, the appointing authority did not call any witnesses and Johnson called only Chief Woodfork.
In his opening statement, Johnson's counsel asserted his client was not admitting to the facts underlying the disciplinary action by bringing his charge of discrimination. He urged that Chief Woodfork, who is black, racially discriminated against Johnson, who is also black. He claimed the discrimination occurred when Johnson's employment was terminated due to his alleged on-the-job intoxication while Woodfork only suspended a white officer for his on-the-job intoxication.[2] To prove this claim, Chief Woodfork was called to testify. However, rather than verifying his allegations, the testimony of Chief Woodfork revealed he was unaware that Johnson was black at the time he approved his dismissal.[3]
*443 Thereafter, on November 22, 1989, a panel of the Civil Service Commission composed of members Barbara G. Thompson, Chairman; Patrick Hugg, Commissioner; and C. Hearn Taylor, Commissioner, rendered its decision denying Johnson's appeal. The panel's reasons for judgment acknowledged the discussion between Johnson's counsel and the hearing examiner relative to whether Johnson was admitting he is an alcoholic by alleging discrimination via the Dupas case. The reasons for judgment also acknowledged Chief Woodfork's testimony that his decision to dismiss Johnson was based on Johnson's failure to complete the Employee Assistance Program, a treatment program for alcoholics, whereas Officer Dupas had completed the program. As Johnson offered nothing to contradict the Superintendent's testimony, the panel found he failed to carry his burden of proof. The panel did not address whether the appointing authority sustained its burden of proving Johnson's dismissal for substance abuse was warranted.
Johnson applied to the Commission for rehearing on December 1, 1989. His application asserted that his appeal alleged in the alternative that the termination of his employment for substance abuse was unjust and unwarranted and that it was the product of racial discrimination. He contended the appointing authority failed to produce any evidence to support its decision to terminate his employment even though it had the burden of proving the factual basis for the disciplinary action taken against him. As the appointing authority failed to show he is a substance abuser and as he had not admitted to being a substance abuser, he claimed the Commission erred in sustaining his dismissal. The Commission, however, denied his application for rehearing on January 18, 1990.
Pursuant to Civil Service Commission Rule 11, Section 4.19, Johnson devolutively appealed the Commission's decision.

LEGAL PRECEPTS
Our state constitution establishes a city civil service commission and a department of city service in each city having a population exceeding four hundred thousand. LSA-Const. art. X, sects. 4, 6; Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La.1984). An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. LSA-Const. art. X, sect. 8(A); Walters v. Department of Police of New Orleans, supra. The employee may appeal from such a disciplinary action to the city civil service commission. The burden of proof on appeal, as to the factual basis for the disciplinary action, is on the appointing authority. Id.; Goins v. Department of Police, 570 So.2d 93 (La.App. 4th Cir.1990). In disciplinary actions, however, where the classified employee alleges discrimination, the burden of proof on appeal, as to the factual basis of the discrimination, is on the employee. LSA-Const. art. X, sect. 8(B); Goins v. Department of Police, supra. See also Civil Service Commission Rule II, Sects. 4.4, 4.8.
The civil service commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. Walters v. Department of Police of New Orleans, supra. Legal cause exists whenever the employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 *444 (La.App. 4th Cir.1990). The appointing authority has the burden of proving by a preponderance of the evidence the occurrence of the complained of activity and the conduct complained of impaired the efficiency of the public service. Id. The appointing authority must also prove the actions complained of bear a real and substantial relationship to the efficient operation of the public service. Id. However, while these facts must be clearly established, they need not be established beyond a reasonable doubt. Id.
The commission's decision on any questions of law or fact is then subject to review by a court of appeal. LSA-Const. art. X, sect. 12(B); Goins v. Department of Police, supra.; Cittadino v. Department of Police, supra. The reviewing court will not reverse a commission conclusion as to the existence or absence of cause for dismissal, however, unless the conclusion is arbitrary, capricious or an abuse of the commission's discretion. Walters v. Dept. of Police of New Orleans, supra. The standard of review the appellate court applies to the commission's factual findings is that prescribed generally for appellate review, i.e., the clearly wrong or manifestly erroneous standard. Id.; Goins v. Department of Police, supra. Cf. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La. 1990); Arceneaux v. Dominigue, 365 So.2d 1330 (La.1978).

APPLICATION OF PRECEPTS TO FACTS
Johnson claims the Civil Service Commission order, which upheld the termination of his employment, is fundamentally unfair because the appointing authority produced no evidence at the Commission's hearing to prove the factual basis supporting his dismissal. We agree.
Johnson held permanent status in the New Orlean's city service at the time of his dismissal. His right of appeal to the Civil Service Commission, City of New Orleans, for any disciplinary action taken against him by his appointing authority is, therefore, constitutionally protected. LSA-Const. art. X, sect. 8(A). On appeal, our constitution places the burden of proof as to the factual basis for the disciplinary action on the appointing authority. Id.; Goins v. Department of Police, supra. The allocation of this burden of proof is not altered by allegations of racial discrimination, such as the one raised by Johnson. See LSA-Const. art. X, sect. 8(A), (B).
At the Commission hearing, the appointing authority was constitutionally bound to produce testimonial and/or physical evidence to clearly establish the factual basis underlying Johnson's supsension and/or dismissal, i.e., his reporting to work untimely, his neglect of duty, his leaving his assigned area, his use of alcohol on and off duty, his driving a police vehicle while legally intoxicated and his willful failure to complete the employee assistance substance abuse program. The Commission was likewise bound to make independent findings from the facts adduced at the hearing. However, as the appointing authority produced no evidence to support the factual basis for its disciplinary actions, the Commission was unable to, and did not, determine whether the appointing authority had good or lawful cause for Johnson's dismissal and whether his dismissal is commensurate with his misconduct. The Commission, therefore, manifestly erred and abused its discretion when it denied Johnson's appeal.
For the reasons assigned, the Commission's order is reversed and the case remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] This appeal does not assert that the Commission erred in finding that Johnson failed to prove his allegation of discrimination. Therefore, the Commission's ruling on that issue is final.
[2] Chief Woodfork testified Sgt. Emmett Dupas received a 120 day supension for an incident involving Dupas' intoxication in 1986. Chief Woodfork also testified Dupas was informed that as he had a drinking problem, if he did not complete an employee assistance rehabilitation program, the suspension would not necessarily be the final disposition of his case.
[3] Chief Woodfork's testimony included the following:

... Let me just say one thing that hasn't been brought out yet, so I feel it is incumbent upon me to bring it out. I approved the disciplinary action based upon the hearing Officer Johnson had by Deputy Chief, and I approved that, being the Appointing Authority. I did not personally hold the hearing. I didn't know whether Officer Johnson was black or white. Now that I see his face, I never connected his name with him. I don't know him, personally, so at the time I didn't know whether he was black or white, and I didn't bring up the question as to whether he was black or white. The only thing I assumed was that he was a male by his name.
During Johnson's counsel's examination of Chief Woodfork, the following exchange also occurred:
By Mr. Hunter:
Q. Chief, when you approve something, what do you do, just check off, or do you go into the record of each individual officer?
* * * * * *
Chief Woodfork:
Just Circumstances only. The circumstances in this particular case were that this officer had failed to complete the recommended treatment for his situation, and in Sgt. Dupas' case, he completed the recommended treatment.
Mr. Dwyer [Hearing Examiner]:
And your statement isto the Commission, is when you signed off on this disciplinary action, you didn't even know the race of the Appellant?
Chief Woodfork:
No, I only signed off on it to dismiss him, because he hadn't completed the treatment, and I felt that I was placing the Department and the City in jeopardy if this young man had an alcohol problem and he didn't complete the treatment, and I continued his employment, it would place myself and the Police Department and the City in a vicariously liable position for his conduct.