743 So.2d 834 (1999)
Christopher SMITH
v.
NEW ORLEANS POLICE DEPARTMENT.
No. 99-CA-0024.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1999.
Rehearing Denied October 15, 1999.
*835 Frank G. DeSalvo, New Orleans, Louisiana, Counsel For Plaintiff/Appellant.
Albert A. Thibodeaux, Assistant City Attorney, Joseph V. Dirosa, Deputy City Attorney, Franz L. Zibilich, Chief Deputy City Attorney, Avis Marie Russel, City Attorney, New Orleans, Louisiana, Counsel For Defendant/Appellee.
Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS Sr., Judge ROBERT A. KATZ.
*836 ROBERT A. KATZ, Judge.

BACKGROUND
Christopher Smith appeals a decision of the New Orleans Civil Service Commission upholding his dismissal from the position of Police Officer in the New Orleans Police Department for violation of Departmental Rules: collusion, failure to report outside employment, referrals, and untruthfulness.
We affirm.
The Civil Service Commission dismissed Smith's appeal based upon the following findings of fact:
On January 25, 1996, Smith, while driving to work, witnessed an automobile accident which occurred at Gen DeGaulle and Holiday Drive. After reporting to work, Smith and his partner, Officer Mark Hall, were assigned to that accident and issued a citation to the alleged responsible party, Mr. Joseph Jasmine. Mr. Jasmine complained that Smith did not contact two witnesses that could prove his innocence. Smith testified that he attempted to contact the witnesses but there was no answer. However, there was no way to substantiate whether or not the calls were made because there was no cellular phone record to prove or disprove his allegations.

DISCUSSION
Around the time of the accident, while on duty, Smith made several phone calls to Budget Towing Company, and Budget arrived at the scene of the accident to offer its services. Smith's cell phone bill demonstrates that the phone calls were made to Budget, and Smith admits to making them. However, there were several discrepancies as to the purpose of these calls. Smith testified that he called to discuss his sick horse, in which Mr. Bowers (of Budget Towing) was treating to prevent illness. Mr. Bowers testified that Smith did not call to request a tow wagon from Budget. Mr. Bowers said that they (he and Mr. Thompson) just happened to be at the scene of the accident before the accident occurred eating at the Shoney's Restaurant on Gen DeGaulle Avenue. The Commission found this to be too much of a coincidence to be believable. In support, Mr. Jasmine testified that he observed Smith talking with Mr. Bowers on the cell phone. Mr. Jasmine also said that Mr. Bowers came on the scene after Mr. Smith had arrived at the accident. Officer Mark Hall, Smith's partner, testified that he observed Smith using his cellular phone on several occasions while on duty and in route to the accident.
The Commission found that the Appointing Authority had proven that Smith violated Police Department regulations by colluding with a tow truck service and being untruthful about it when questioned during the OMI investigation.[1]
Concerning Smith's violation regarding outside employment the Commission found that Smith was also employed with Unlimited Communication, a pager business, and failed to file the appropriate report with the Police Department. Smith admitted to OMI Investigator Ray Burkart that he worked with the abovementioned company. Smith testified that he did not know of any departmental rules or regulation that would have prevented him from selling pagers or cellular phone equipment. However, Smith was aware of the department rule, which set forth that all members engaged in outside employment should complete an authorized form prior to outside employment.[2]
Lieutenant Robert Snell testified that he inquired at the Inspections Division as to *837 whether Smith filed the necessary paperwork required for outside employment and was informed that Smith had not submitted the paperwork. Moreover, Smith testified at the hearing that he failed to submit the required paperwork.
The Appointing Authority's charge was therefore proven.
The Commission also found that Smith violated the Police Department policy restricting officers from making referrals.[3] On January 27, 1996, Smith allegedly handed a piece of paper, which had a name written on it, to Mr. Rios, a patient at Charity Hospital. Sergeant Moretti testified that the name found on the paper could not be associated with any particular product, professional or commercial services. Sergeant Robert Nelson confirmed Sergeant Moretti's testimony that there was no evidence to show such a violation. Sergeant Nelson also testified that he did not have any trip sheet to show that Smith was present at Charity Hospital on that date.
At the hearing, Smith denied giving a note to Mr. Rios. However, a handwriting expert verified that Smith was the writer of the note. The Appointing Authority could not determine the purpose of the note, but concluded that referrals of this type are prohibited. The Commission found that Smith's denial of writing the note was proven to be untruthful.
The Commission also received evidence of past disciplinary actions against Smith; in 1993, forty-four (44) day suspension for Theft; in 1994, five (5) day suspension for Professionalism and Verbal Intimidation; also in 1994, thirty (30) day suspension for Neglect of Duty; in 1996, a one hundred twenty (120) day suspension for Adherence to Law, Truthfulness, Instructions from Authoritative Source, and Professionalism, and also in 1996, a five (5) day suspension for a violation regarding Abuse of Position regulation.
On appeal to this Court, Smith argues that the Civil Service Commission acted arbitrarily, capriciously, and contrary to law and to facts in upholding the Appointing Authority's termination of Smith.
In civil service disciplinary cases, an appellate court is presented with a multifaceted review function. Walters v. Department of Police of the City of New Orleans, 454 So.2d 106 (La.1984). First, as in other civil matters, deference will be given to the factual conclusions of the Commission. Hence, in deciding whether to affirm the Commission's factual findings, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Walters, supra. The present record, measured by that standard, discloses no error by the Commission.
Second, in evaluating the Commission's determination as to whether the disciplinary action is both based on legal cause and commensurate with the infraction, the court should not modify the Commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. La. R.S. 49:964.
Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged. Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4th Cir. 1990). The Appointing Authority has the burden of proving the impairment. La. Const. Art. X, Sec. 8(A). The appointing authority must prove its case by a preponderance of the evidence. Cittadino, supra.
"Arbitrary or capricious" can be defined as the lack of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961 (La.1991). A reviewing court should affirm the Civil Service Commission conclusion as to existence or cause for dismissal of a permanent status public employee when the decision is not arbitrary, capricious, or an *838 abuse of the Commission's discretion, as presented in this case.
Employees with the permanent status in the classified civil service may be disciplined only for cause expressed in writing. La. Const. Art. X, Sec. 8(A). Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. Newman v. Department of Fire, 425 So.2d 753 (La.1983).
In reviewing the Commission's findings of fact, this Court's appropriate standard of review suggests that this Court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. If the Commission's order is not arbitrary, capricious or characterized by abuse of discretion, this Court should not modify the Commission's decision. Cittadino, supra. That is clearly the justification behind this Court's decision to affirm the Civil Service Commission's decision to dismiss Smith.

CONCLUSION
The Commission, in the present case, demonstrated by a preponderance of evidence that the conduct of Officer Christopher Smith did in fact impair the efficient and orderly operation of the New Orleans Police Department. The testimony of Lieutenant Snell, OMI Investigator Ray Burkart, Police Officer Mark Hall, and Mr. Jasmine supported the Commission findings regarding the charges of: collusion, failure to report outside employment, referrals, and untruthfulness. The Commission's decision is not arbitrary, capricious, nor is it contrary to law or to facts, and therefore, should not be modified. The charges were supported by the following: the cellular phone bill, which reflected Smith's many calls, while on duty around the time of the accident, to Budget Towing Company, who offered its towing services to the accident victims; Lieutenant Snell's findings that proved Smith failed to file the necessary paperwork for outside employment; Smith's affirmative statement that he was also employed with Unlimited Communication and failed to report this to the NOPD; and the handwriting expert's results, which verified that Smith had written the referral note. Other than his testimony, Smith offered no evidence to refute the findings of the Commission.
Smith's actions in colluding with Budget Towing Company, failing to report his outside employment, and failing to tell the truth concerning writing the note given to Mr. Rios impaired the orderly operation of the police department and constituted legal cause for the disciplinary action. Those violations coupled with Smith's past infractions warrant his termination.
For the foregoing reasons, the ruling of the New Orleans Civil Service Commission upholding the disciplinary action taken against Christopher Smith is not arbitrary, capricious or characterized by abuse of discretion. And, furthermore, this Court finds that the New Orleans Civil Service Commission did not commit any manifest error.
Therefore, we affirm the dismissal of Christopher Smith as a police officer with the New Orleans Police Department by the New Orleans Civil Service Commission.
AFFIRMED.
BAGNERIS, J., Concurs in the Affirmation of the Appeal.
NOTES
[1] New Orleans Police Department Rule 2, subsection 3 provides, in pertinent part, that employees shall truthfully answer all questions related to the scope of employment and operations of the Department which may be asked of them.
[2] According to Administrative Operating Procedures (ASOP 85.0), members wishing to work any paid details or engage in outside employment shall complete a New Orleans Police paid Detail/Outside Employment Authorization Form # 121 prior to working the paid detail/outside employment ...
[3] NOPD Rule 3, subsection 5 and Rule 2, subsection 3.