1LEON A. CANNIZZARO, JR., Judge.
Virgil Delpit appeals a decision of the Civil Service Commission of the City of New Orleans (the “Commission”). Mr. Delpit’s employment with the New Orleans Department of Utilities (the “Department”) was terminated by the Department on the grounds of job abandonment. Mr. Delpit appealed his termination to the Commission. The Commission denied his appeal. For the reasons that follow, we affirm the Commission’s decision denying Mr. Delpit’s appeal.

FACTS AND PROCEDURAL HISTORY

Mr. Delpit was employed by the Department as a senior taxicab investigator. Beginning on August 12, 2001, he was placed on leave as a result of an on-the-job injury covered by workers’ compensation. He had received medical clearance to return to work on November 5, 2001. Prior to returning to work, however, Mr. Delpit’s mother suffered a stroke. Mr. Delpit requested family medical leave to care for his mother.
|2On November 5, 2001, Mr. Delpit submitted to the Department a written re *31 quest for family medical leave that was accompanied by a physician’s report documenting his mother’s illness. Mr. Delpit anticipated that he would need two weeks of leave to care for his mother, and he was initially granted unpaid family medical leave from November 5, 2001 through November 19, 2001. Mr. Delpit was scheduled to return to work on November 20, 2001. On November 20, however, Mr. Del-pit did not return to work and did not contact the Department.
On November 27, 2001, the Department sent Mr. Delpit a letter stating that he had been scheduled to return to work on November 20, 2001, that he had not done so as of the date of the letter, and that he had not contacted the Department to explain why he failed to return to work as scheduled. The letter advised Mr. Delpit that his continued absence from work was unauthorized and that termination proceedings would begin if he did not contact the Department by November 28, 2001.
On November 28, 2001, Mr. Delpit spoke by telephone with Andrea Johnson, the Department employee who handles the Department’s personnel matters. Ms. Johnson testified at the Commission hearing that Mr. Delpit told her that he had been “overwhelmed” by his mother’s illness and that he had “lost track of the dates.” Mr. Delpit also requested additional family medical leave when he spoke to Ms. Johnson.
laOn December 10, 2001, Mr. Delpit submitted a written request for an additional two weeks of family medical leave, which was granted. The leave was granted for December 10, 2001 through December 22, 2001.
At the Commission hearing, Ms. Johnson testified that on December 12, 2001, she spoke with Mr. Delpit. She said that he then advised her that he would not need the additional leave, because he had made other arrangements for his mother’s care. Ms. Johnson also testified that Mr. Delpit told her that he would return to work on December 18, 2001. Ms. Johnson stated that because Mr. Delpit had not retuned to work by December 14, 2001, she contacted him. Ms. Johnson testified that Mr. Delpit told her that he still needed family medical leave and that she reminded him that he was scheduled to return to work on December 23, 2001. Ms. Johnson further stated that on December 19, 2001, she and Mr. Delpit had a conversation in which he indicated that he would return to work on December 23, 2001, as scheduled. Mr. Delpit, however, did not return to work on that date.
On December 28, 2001, a pre-termi-nation hearing was held by the Department. Mr. Delpit was given notice of the hearing, and he attended it. When he was asked about the status of his job, Mr. Delpit sated that the “status is whatever the department want [sic] it to be.” He did not respond to questions regarding whether or not he knew his leave had expired, whether he wanted his job, or whether circumstances prohibited him from returning to work. When asked what he thought the Department should do concerning his job abandonment, Mr. |4Pelpit replied, “Do what you got to do.” Mr. Delpit did not request additional leave, and he did not indicate when he intended to return to work.
After the December 28 hearing, no disciplinary action was taken against Mr. Del-pit. Instead, the Department scheduled a second pre-termination hearing for January 11, 2002. Mr. Delpit, however, advised the Department that he could not attend the hearing on that date. Therefore, the hearing was rescheduled with Mr. Delpit for January 18, 2002. Mr. Delpit did not attend the second hearing on January 18, and he did not contact the Department to *32 offer an explanation for his absence. On January 22, 2002, Mr. Delpit was terminated from his employment on the grounds of job abandonment.
Mr. Delpit appealed the termination of his employment to the Commission. A hearing on the appeal was held on March 26, 2002, and on July 26, 2002, the Commission rendered a decision denying the appeal. Mr. Delpit has now appealed the Commission’s decision to this Court.

STANDARD OF REVIEW

The Louisiana Supreme Court discussed in Walters v. Department of Police, 454 So.2d 106 (La.1984), the standard of review for an appeal of a city civil service commission decision. The Supreme Court stated:
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his employer except for cause expressed in writing. He may appeal from such disciplinary action to the City Civil Service Commission, and the burden of proof on appeal, as to the facts, is on the appointing authority. La. Const, art. X, § 8.
... The Commission’s decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. |RLa. Const, art. X, § 12(B).
This court has formulated jurisprudential precepts to guide the Commission and the courts of appeal in applying these constitutional principles. “Cause” for the dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. The Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. A reviewing court should not reverse a commission conclusion ... unless the decision is arbitrary, capricious or an abuse of the commission’s discretion.
[[Image here]]
... Accordingly, a reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the commission’s factual findings.
... Due concern both for the intention of the constitution and for the boundaries between the functions of the commission and of the court, however, demands that a reviewing court exercise other aspects of its review function with more circumspection. In reviewing the commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion. Id. at 112-14. (emphasis added) (citations omitted).
See also Evans v. DeRidder Municipal Fire and Police Civil Service Board, 2001-2466 (La.4/3/02), 815 So.2d 61; Smith v. New Orleans Police Department, 2001-0505 (La.App. 4 Cir. 6/5/02), 820 So.2d 643.
In Newman v. Department of Fire, 425 So.2d 753 (La.1983), the Louisiana Supreme Court discussed the meaning of “arbitrary and capricious” in the context of a civil service commission hearing as well as the legal cause necessary to impose disci *33 plinary action on a civil service employee. The Supreme Court stated:
Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial [ ¿relationship between the improper conduct and the “efficient operation” of the public service. The appointing authority (Superintendent) must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Id. at 754.
In Bannister v. Department of Streets, 95-0404 (La.1/6/96), 666 So.2d 641. the Louisiana Supreme Court again considered the meaning of “arbitrary and capricious” in the context of a civil service commission hearing. In Bannister the Supreme Court determined that “arbitrary and capricious” means that there is no rational basis for the action taken.

DISCUSSION

In the instant case Mr. Delpit argues that he was terminated, because the Department violated the Family Medical Leave Act of 1993 (the “Act”), 29 U.S.C. § 2601 et. seq. Mr. Delpit alleges that the Department did not properly follow the provisions of the Act and its implementing regulations, 29 C.F.R. § 825.100 et. seq. Mr. Delpit further alleges that he did not receive all of the leave to which he was entitled and, therefore, could not be terminated from his job while he was caring for his seriously ill mother. Mr. Delpit argues that he should have been granted the maximum amount of leave permitted under the Act when he initially applied for leave and that he could not be terminated during that time period. Mr. Delpit’s arguments are misplaced.
It is not necessary for this Court to determine whether or not there were any violations of the Act or the regulations implementing the Act. Mr. Delpit was, in fact, granted all of the family medical leave that he requested. He was terminated, not because he took the leave to which he was entitled, but because he did not return from the leave when he stated that he would. He also engaged in other acts that clearly indicated that he had abandoned his job.
|7Mr. Delpit was initially granted two weeks leave, and he was scheduled to return to work on a specific date. When he did not return on that date and did not contact the Department for seven days, he was sent a letter requesting that he contact the Department. When he contacted the Department, he stated that he had “lost track of the dates.” He then requested additional leave, which was granted. After taking two days of this leave, Mr. Delpit contacted the Department and stated that he did not need all of the leave and would return to work the next day. Again, Mr. Delpit did not return to work or contact the Department the day he said that he would return to work. When the Department contacted him the next day, he said that he now needed all of the leave that had been granted. When that leave expired, Mr. Delpit still did not return to work or contact the Department regarding his absence.
A pre-termination hearing was held, but Mr. Delpit refused to answer questions concerning his job status. Also, he did not request additional leave at the hearing or advise the Department when he intended to return to work. The Department took no disciplinary action at this time, however. A second pre-termination hearing was scheduled, and because of a conflict in Mr. Delpit’s schedule, the second pre-termi-nation hearing was rescheduled. The rescheduled hearing was held, but Mr. Delpit failed to attend or advise the Department *34 that he could not attend. Only after this hearing did the Department terminate Mr. Delpit for job abandonment.
Mr. Delpit’s actions in not returning to his job when scheduled and in refusing to discuss his job status with the Department constituted conduct that was clearly detrimental to the Department’s efficient operation. Therefore, under the Walters and Newman cases, discussed above, this Court finds that there was |ssufficient legal cause for the Department to terminate Mr. Delpit’s employment and for the Commission to uphold the termination. There was clearly a rational basis on which the Commission could uphold the Department’s disciplinary action.

CONCLUSION

This Court finds that the decision of the Commission was based on sufficient legal cause and was neither arbitrary, capricious, nor an abuse of discretion. Therefore, the decision of the Commission is affirmed.
AFFIRMED.