JAMES F. McKAY III, Chief Judge.
hln this civil service, David DeSalvo seeks review of a judgment by the Civil Service Commission of the City of New Orleans, which denied the appeal of his termination by the New Orleans Police Department. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
David DeSalvo was employed as a Police Officer I with the New Orleans Police Department (NOPD) from September of 2009 through June 5, 2012 and had gained permanent status. On January 20, 2012, while Mr. DeSalvo and his partner were in the process of arresting a suspect, Mr. DeSalvo received a laceration to his head, which required medical attention. Immediately thereafter, Mr. DeSalvo sought medical treatment and also submitted to a post-accident substance abuse screening test at Tulane Medical Center.
On January 24, 2012, the Public Integrity Bureau was notified that the test results of Mr. DeSalvo’s urine specimen revealed a positive result for marijuana metabolite. The test results indicated that Mr. DeSal-vo had a T.H.C. level of 43 nanograms per milliliter. Thereupon, Sergeant Arlen Barnes was assigned to investigate.
|POn January 25, 2012, Mr. DeSalvo submitted another urine sample that was tested by Tulane Drug Analysis Laboratory. A hair test was conducted on January 30, 2012. These private tests, paid for by Mr. DeSalvo, were both negative.
Following Sergeant Barnes’s investigation, an administrative hearing took place before Deputy Chief Daryl Albert. The NOPD terminated Mr. DeSalvo’s employment, by letter dated June 5, 2012, for violation of internal rules regarding use of drugs and CAO Policy Memorandum # 89 for the City of New Orleans relative to Substance Abuse. Mr. DeSalvo appealed his termination to the Civil Service Commission for the City of New Orleans.
On May 8, 2013, a hearing took place before hearing examiner Jay Ginsberg. Testifying at the hearing were Deputy Chief Albert, Sergeant Barnes and Ms. Susan Bybee, an employee of Alere Toxicology Service. Ms. Bybee identified a lab report that identified 43 nanograms of marijuana per milliliter in Mr. DeSalvo’s urine test. Sergeant Barnes and Deputy Chief Albert testified as to the investigation. However, Deputy Chief Albert was unaware of the negative result of the January 25, 2012 test. Mr. DeSalvo testified that he had undergone random drugs tests in the past and had always tested negative. The parties also stipulated to and accepted all testing results and chains of custody.
Following the hearing, a three-member panel of the Civil Service Commission re *931 viewed the evidence and a transcript of the hearing. The panel found that the appointing authority established by a preponderance of evidence that it terminated Mr. DeSalvo for cause and that the appointing authority has a legitimate governmental interest in testing safety sensitive employees who sustain work related injuries. Therefore, on September 6, 2013, the Civil Service | ¡¡Commission denied Mr. DeSal-vo’s appeal. It is from this judgment that he now appeals to this Court.
DISCUSSION
On appeal, Mr. DeSalvo raises one assignment of error: the Civil Service Commission erred in concluding, based on the evidence produced, that the appointing authority terminated him with sufficient legal cause.
An employee who has gained permanent status in the classified city civil service cannot be subjected to disciplinary action by his/her employer except for cause expressed in writing. La. Const, art. X, § 8(A); Walters v. Dept. of Police, 454 So.2d 106 (La.1984). The employee may appeal from such disciplinary action to the City Civil Service Commission, and the burden of proof on appeal, as to the facts, is on the appointing authority. Id.; Goins v. Dept. of Police, 570 So.2d 93 (La.App. 4th Cir.1990).
“Cause” for dismissal of a person who has gained permanent status in the classified civil service has been interpreted to include conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation. Walters, 454 So.2d at 113. The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed was commensurate with the dereliction. Id.
The Civil Service Commission’s decision is subject to review on any question of law or fact upon appeal to the appropriate court of appeal. La. Const, art. X, § 12(B). Thus, the reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the Civil Service Commission’s factual findings. Walters v. Department of Police, 454 So.2d at 113; Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In reviewing the Civil Service Commission’s findings of fact, the court should not re verse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the Civil Service Commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by an abuse of discretion. Walters at 454 So.2d at 112-14; See also Evans v. DeRidder Municipal Fire, 2001-2466 (La.4/3/02), 815 So.2d 61; Delpit v. New Orleans Dept. of Utilities, 2002-2008 (La. App. 4 Cir. 2/19/03), 841 So.2d 30. Any disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the “efficient operation” of the public service. The appointing authority must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. Newman v. Dept. of Fire, 425 So.2d 753 (La.1983).
In the instant case, Mr. DeSalvo’s initial urine sample tested positive for a relatively small amount of marijuana metabolites (43 ng/ml). Some controversy exists whether a urine sample which tests less than 50 ng/ml should even be considered as a positive result. La. R.S. 49:1005, *932 which deals with drug testing procedures and standards, requires that drug testing shall only be performed Substance Abuse and Mental Health Services Administration (SAMHSA) certified labs when negative employment consequences apply. The cutoff limits shall be in accordance with SAMHSA guidelines, with the exception of initial testing for marijuana. The cutoff for marijuana shall be no less than 50 ng/ml. Ms. Bybee Utold the hearing officer that a second test was performed after the initial test was done, but no report of that test was introduced or made available. Labs that follow the Mandatory Guidelines for Federal Workplace Drug Testing Programs, published by SAMHSA, first conduct one or more initial screens followed by confirmatory tests. According to these guidelines, if you test below the drug cutoff levels on the initial screens, that lab cannot report it as a positive test or continue with the confirmatory tests. If you test above on the initial screen but below on the confirmatory tests, the lab still cannot report them as positive. Furthermore, Deputy Chief Albert testified that he was unaware of the January 25, 2012 negative drug test. Also, Mr. DeSalvo had never tested positive on any random drug test, and his hair sample test indicated that he was not a habitual or long term user of marijuana. When these facts are all considered together, it calls into question whether there was just cause to terminate Mr. DeSalvo.
As stated above, the burden of proof as to the facts for taking a disciplinary action is on the appointing authority. There are a number of circumstances in the instant case which call the facts into question. Because of this, the NOPD failed to meet its burden of proof as to the facts for which Mr. DeSalvo was fired.
CONCLUSION
For the above and foregoing reasons, the judgment of the Civil Service Commission is reversed, and it is ordered that Mr. DeSalvo be reinstated in his former position by the New Orleans Police Department.
REVERSED AND RENDERED.
BONIN, J., concurs with reasons.