| ARISTOTLE STEPHENS | * | NO. 2019-CA-0641 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| NEW ORLEANS POLICE | * | |
| DEPARTMENT | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Tiffany G. Chase)


Kevin Vincent Boshea
Attorney at Law
2955 Ridgelake Drive, Suite 207
Metairie, LA 70002


COUNSEL FOR PLAINTIFF/APPELLANT


Elizabeth Robins
Deputy City Attorney
William R.H. Goforth
Assistant City Attorney
Donesia D. Turner
Senior Chief Deputy City Attorney
Sunni Lebeouf
City Attorney
1300 Perdido Street
Suite 5E03
New Orleans, LA 70112


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**
**DECEMBER 4, 2019**

Officer Aristotle Stephens (hereinafter "Officer Stephens") seeks review of the April 23, 2019 ruling issued by the Civil Service Commission (hereinafter "the Commission"). The decision denied Officer Stephen's appeal and upheld the termination of his employment with the New Orleans Police Department (hereinafter "the NOPD"). After consideration of the record before this Court and the applicable law, we affirm the decision of the Commission terminating Officer Stephens' employment with the NOPD.

### Facts and Procedural History

#### *February 4, 2017 Incident*

On February 4, 2017, Officer Stephens was operating his patrol unit during a general overtime assignment. While on patrol, Officer Stephens observed a vehicle and attempted to execute a traffic stop.[1] When the vehicle came to a stop, Officer Stephens exited his patrol unit to approach the vehicle, at which point the driver hastily sped away. Officer Stephens returned to his patrol unit and pursued the vehicle with his patrol unit lights activated. While pursuing the vehicle, Officer Stephens contacted the NOPD dispatcher to advise that he was behind the vehicle. After providing the information, Officer Stephens contacted his supervisor and advised that he was "not chasing" the vehicle and was "veering off."

---

[1] Officer Stephens initiated the traffic stop of the vehicle due to potential problems with the vehicle's license plate or excessive window tint.

1

However, Officer Stephens continued to pursue the vehicle. He turned down a different street, reactivated his patrol unit lights and proceeded down the wrong lane of traffic in order to return to Chef Menteur Highway. Officer Stephens proceeded eastbound on Chef Menteur Highway towards the Danziger Bridge. Through the body worn camera (hereinafter "BWC") video footage, Officer Stephens is heard talking on his cellular phone with an unidentified female. He states "what they don't know is that I'm still behind that fool." The unidentified female asks Officer Stephens why he was still behind the vehicle, to which he replied "because you don't run from Aristotle."

Officer Stephens stops his patrol unit in the median on Chef Menteur Highway. He then recognizes the vehicle and is heard on the BWC video footage stating "there he go, there he go." Officer Stephens proceeds to follow the vehicle over the Danziger Bridge with the lights on his patrol unit activated. Officer Stephens and the vehicle then enter westbound on Interstate-10. The vehicle then cuts across all three lanes of traffic and is involved in a collision with another vehicle. Officer Stephens verbally reacts to the collision, does not stop and proceeds to travel westbound on Interstate-10. As he is traveling, Officer Stephens contacts the NOPD dispatcher to inquire as to whether or not she can identify his location in an attempt to conceal the fact that he had been in continued pursuit of the vehicle.

### NOPD Investigation

Sergeant Trinell Franklin (hereinafter "Sgt. Franklin"), with the Public Integrity Bureau (hereinafter "PIB"), initiated the disciplinary investigation into Officer Stephens' actions after speaking with witnesses at the scene of the collision. Witnesses advised Sgt. Franklin that an NOPD patrol unit was pursuing

2

the vehicle at the time of the collision. As part of her initial investigation, Sgt. Franklin viewed Officer Stephens' BWC and the mobile video unit (hereinafter "MVU") cameras[2] located inside Officer Stephens' patrol unit. As a result of Sgt. Franklin's preliminary investigation, Officer Stephens was reassigned pending a full investigation.

On June 1, 2017, Officer Stephens provided an administrative statement to Sergeant Kimberly Hunt (hereinafter "Sgt. Hunt")[3] of PIB's criminal investigation team. Sgt. Hunt reviewed all available video footage of the incident, which included Officer Stephens' BWC and MVU cameras. At the conclusion of the investigation, Sgt. Hunt found that Officer Stephens violated NOPD Rule 2 regarding honesty and truthfulness.[4] She determined that Officer Stephens was untruthful by willfully and negligently providing false and misleading statements. Sgt. Hunt concluded that the BWC and MVU video footage contradicted Officer

---

[2] Officer Stephens' patrol unit contained two mobile video unit cameras: one dashboard camera and one camera facing the back seat of the unit.

[3] Lieutenant Darryl Watson also participated in obtaining Officer Stephens' administrative statement.

[4] Rule 2: Moral Conduct, Paragraph 3: Honesty and Truthfulness

    Honesty and Truthfulness

        Employees are required to be honest and truthful at all times, in their spoken, written, or electronic communications. Truthfulness shall apply when an employee makes a materially false statement with the intent to deceive. A statement is material when, irrespective of its admissibility under the rules of evidence, it could have affected the course or outcome of an investigation or an official proceeding, whether under oath or not, in all matters and official investigations relating to the scope of their employment and operations of the Department, as follows:

        (a) Employees shall truthfully state the facts in any oral, written, or electronic communication;

        (b) Employees shall not willfully or negligently make any false, misleading, or incorrect oral, written, or electronic communication;

        (c) Employees shall not willfully or negligently withhold relevant information of which they have knowledge, from any oral, written, or electronic communication;

        (d) Employees shall truthfully answer all questions directed to them on the order of the Superintendent of Police, the Superintendent's designee, a superior officer, or any judicial, departmental, or other official investigative body… .

Stephens' description of his actions on the date of the incident and recommended NOPD sustain the allegations of misconduct against Officer Stephens.

Deputy Superintendent Paul Noel (hereinafter "Superintendent Noel"), chairman of the disciplinary hearing panel, conducted a disciplinary hearing regarding Officer Stephens' actions. After reviewing evidence, the panel sustained the charges against Officer Stephens regarding violation of NOPD's policy concerning honesty and truthfulness. The panel recommended termination of employment due to the violation. Superintendent Michael Harrison concurred and issued a letter of termination to Officer Stephens. Officer Stephens appealed his termination.

The appeal was heard by a hearing officer over the course of two days. During the hearing, the hearing officer heard extensive testimony, viewed all evidence and concluded that Officer Stephens' termination was warranted because the evidence established that he was untruthful about pursuing the vehicle and witnessing the collision. The hearing officer noted that given the nature of the offense regarding truthfulness, the NOPD had no alternative but to terminate Officer Stephens and agreed that the level of discipline was appropriate.

The Commission reviewed the transcript and exhibits from the hearing and the hearing officer's report. The Commission issued its decision on April 23, 2019, finding Officer Stephens intentionally provided false information to the NOPD dispatcher during the February 4, 2017 incident. The Commission further found that Officer Stephens intentionally provided misleading statements during the NOPD's investigation. The Commission determined, after viewing the video evidence, that Officer Stephens was untruthful regarding: (1) his statements concerning his pursuit of the vehicle and (2) his statements with regards to

4

witnessing the collision involving the vehicle. The Commission denied Officer Stephens' appeal and upheld his termination. This appeal followed.

## Discussion

This Court has previously determined that decisions by the Commission are reviewed under a multifaceted standard of review.

> In *Banks v. New Orleans Police Dep't.*, 2001–0859, p. 3 (La.App. 4 Cir. 9/25/02), 829 So.2d 511, 513–14, we articulated the standard of review in civil service cases. First, the review by appellate courts of the factual findings in a civil service case is governed by the manifest error or clearly erroneous standard. Second, when the Commission's decision involves jurisdiction, procedure, and interpretation of laws or regulations, judicial review is not limited to the arbitrary, capricious, or abuse of discretion standard. Instead, on legal issues, appellate courts give no special weight to the findings of the trial court, but exercise their constitutional duty to review questions of law and render judgment on the record. A legal error occurs when a trial court applies the incorrect principles of law and such errors are prejudicial. Finally, a mixed question of fact and law should be accorded great deference by appellate courts under the manifest error standard of review. *See Stern v. New Orleans City Planning Comm'n,* 2003–0817, pp. 5–6 (La.App. 4 Cir. 9/17/03), 859 So.2d 696, 699–700.

*Russell v. Mosquito Control Bd.*, 2006-0346, pp. 7-8 (La.App. 4 Cir. 9/27/06), 941 So.2d 634, 639-640. As such, we will review this matter under a manifest error/clearly erroneous standard of review.

By Officer Stephens' assignments of error, he argues the Commission erred in upholding his termination for violating NOPD Rule 2 regarding truthfulness. He contends the evidence was insufficient to establish that his statements, concerning the incident, were intended to deceive the NOPD. Furthermore, Officer Stephens maintains that the NOPD failed to meet its burden of proof.

5

"An employee with permanent status in the classified city service may only be terminated, or otherwise subjected to disciplinary action, in writing and for good cause." *Laviolette v. Dep't of Police*, 2016-0095, p. 5 (La.App. 4 Cir. 8/24/16), 200 So.3d 962, 966 (citations omitted). This Court has determined that "good cause" includes conduct by the employee which is detrimental to the efficient operation of the department or prejudicial to the public service. *Id.* "The burden of proof on appeal to the Civil Service Commission is on the appointing authority." *Waguespack v. Dep't of Police*, 2012-1691, p. 3 (La.App. 4 Cir. 6/26/13), 119 So.3d 976, 977. Thus, the NOPD must prove, by a preponderance of the evidence, that the complained of activity and conduct impaired the efficiency of public service. *Johnson v. Dep't of Police*, 575 So.2d 440, 444 (La.App. 4 Cir. 1991).

When an appointing authority has terminated an employee, the Commission has a duty to review whether good or lawful cause exists for taking such disciplinary action against an employee. *Id.* at 443. Although the NOPD found Officer Stephens violated various departmental policies, he was terminated for violation of the policy regarding honesty and truthfulness. Officer Stephens avers that he did not intentionally misrepresent the facts. He maintains that the length of time between the date of the incident and providing his administrative statement, along with a previous concussion, caused a lack of adequate recollection regarding the February 4, 2017 incident. Conversely, the NOPD maintains that Officer Stephens intentionally misrepresented his conduct as the incident was unfolding and during the investigation of his actions. The Commission agreed with the NOPD.

6

In order for the Commission to uphold Officer Stephens' termination, it was tasked with concluding that he provided materially false statements with the intent to deceive. During the incident and his administrative statement, Officer Stephens maintains that after the vehicle sped away, he did not pursue the vehicle. He also contends that he did not witness the collision involving the vehicle. However, a review of the MVU video footage and the audio from the BWC indicates that Officer Stephens continued his pursuit of the vehicle although he told the dispatcher that he was no longer in pursuit of the vehicle. Also, in the BWC video footage Officer Stephens can be heard reacting to the collision as it occurs.

A review of the footage from the two MVU cameras provides a clear view of the incident as it transpired. Officer Stephens is observed continuing to pursue the vehicle after communicating with the dispatcher and his supervisor that he had cancelled the pursuit. Additionally, the videos provide a view of the collision as it occurs. The vehicle is observed cutting across three lanes of traffic on Interstate-10 and immediately colliding with another vehicle.

The Commission found Officer Stephens untruthful in his statements that he did not pursue the vehicle and that he did not witness the collision. We find this conclusion supported by the evidence. Specifically, a review of the MVU and BWC video footage does not support Officer Stephens' version of events. Although he advised the dispatcher that he cancelled the pursuit of the vehicle, the MVU and BWC footage contradicts that statement. Additionally, the MVU video footage shows Officer Stephens reacting to the collision right as it occurs.

The Commission weighed the evidence and determined the NOPD established Officer Stephens was untruthful in the statements provided during the February 4, 2017 incident, as well as, during the course of the investigation. This

Court has previously held that "'deference will be given to the factual conclusions of the Commission.'" *Pope v. New Orleans Police Dep't*, 2004-1888, p. 6 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4 (quoting *Smith v. New Orleans Police Dep't*, 1999-0024, p. 5 (La.App. 4 Cir. 9/22/99), 743 So.2d 834, 837). The Commission deemed the evidence submitted by the NOPD sufficient to meet its burden of proof. Thus, we find the factual conclusions made by the Commission are not contrary to the evidence and as such, will not be disturbed by this Court.

## Conclusion

We review the decision of the Commission to determine if its actions are manifestly erroneous or clearly wrong. The Commission's decision should not be modified absent such a finding. *DeSalvo v. Dep't of* Police, 2013-1598, p. 4 (La.App. 4 Cir. 5/28/14), 141 So.3d 929, 931. Based on the record before this Court, we do not find the decision of the Commission manifestly erroneous. The Commission found Officer Stephens' statements regarding pursuing the vehicle and witnessing the collision, involving the vehicle, intentionally deceptive and designed to thwart the investigation into his actions. The Commission determined that Officer Stephens deliberately misled the investigation.

For the foregoing reasons, we find the record reasonably supports the Commission's decision to uphold Officer Stephens' termination due to his violation of NOPD Rule 2 regarding honesty and truthfulness. Therefore, the Commission was not manifestly erroneous in finding the evidence presented by the NOPD sufficient to terminate Officer Stephens.

**AFFIRMED**

8